**Phillip Anthony CARR, Petitioner–Appellant,**

**v.**

**Janet RENO, Attorney General of the United States; Kevin D. Rooney, Acting Commissioner of the Immigration and Naturalization Service; Lynn Underdown, Louisiana District Director, Immigration and Naturalization Service; Immigration and Naturalization Service; U.S. Department of Justice, Respondents–Appellees.**

**Docket No. 01–2270.**

United States Court of Appeals, Second Circuit.

Jan. 4, 2002.

Alan Michael, Strauss Bretz & Coven, LLP New York, NY, for Appellant.

Steven J. Kim, U.S. Attorney's Office, Eastern District of New York, Brooklyn, NY, for Appellees.

Present OAKES, CARDAMONE, and PARKER, Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the denial of the petition for a writ of habeas corpus by said district court be and it hereby is AFFIRMED.

Petitioner–Appellant Phillip Anthony Carr ("Carr") appeals from the denial of his petition for a writ of habeas corpus by the United States District Court for the Eastern District of New York (Kahn, J.). We affirm.

The issue in this appeal was squarely addressed in an opinion of this Court issued earlier this year. Carr argues that § 440(d) of the Anti–Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L. No. 104–132, § 440(d), 110 Stat. 1277, has an impermissibly retroactive effect as applied to aliens like him whose criminal conduct pre-dated the AEDPA's enactment date, even though his conviction post-dated the AEDPA's enactment date. In *Domond v. U.S. I.N.S.*, 244 F.3d 81 (2d Cir.2001), we held that § 440(d) does not have an impermissibly retroactive effect as applied to aliens whose criminal conduct pre-dated the AEDPA's enactment date but whose convictions post-dated the AEDPA's enactment date. The Supreme Court's subsequent affirmance of our decision in *St. Cyr v. INS*, 229 F.3d 406 (2d Cir.2000), *aff'd*, 533 U.S. 289, 121 S.Ct. 2271, 150 L.Ed.2d 347 (2001), which addressed the impermissibly retroactive effect of § 440(d) as applied to aliens whose guilty pleas pre-dated the AEDPA's enactment date, does not undermine *Domond*. Accordingly, the district court properly denied Carr's petition.

For the reasons set forth above, the denial of the petition for a writ of habeas corpus entered by the district court is AFFIRMED.