**Ricardo Heriberto VILLAFUERTE**
Petitioner

v.

**IMMIGRATION AND NATURALIZATION SERVICE, et al.**
Respondents

No. 1:02CV677.

United States District Court,
N.D. Ohio,
Eastern Division.

Sept. 30, 2002.

Nicoleta D. Wojnar, Olga Y. Zullig, Cleveland, OH, for Petitioner.

Kathleen Lucille Midian, Office of the United States Attorney Northern District of Ohio, Cleveland, OH, for Respondents.

## MEMORANDUM OF OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

WELLS, District Judge.

Before the Court are Mr. Villafuerte's petition for a writ of habeas corpus and the motion to dismiss filed by the Immigration and Naturalization Service ("INS"), and John Ashcroft, Attorney General of the United States. Mr. Villafuerte seeks a remedy that was available to him when he committed a crime in 1995, but which was no longer available after he pled guilty in 1996 due to the enactment of a new statute in 1996. For the reasons stated, Mr. Villafuerte's petition for a writ of habeas corpus is denied, and the Respondents' motion to dismiss is granted.

### I. Facts

Mr. Villafuerte is a native of Ecuador. He entered the United states on or about 23 August 1986, at age twelve, as a lawful permanent resident. His parents, brothers, sisters, grandparents, aunts, and uncles are all lawful permanent residents of the United States. Mr. Villafuerte was arrested for the offense of gross sexual imposition on 25 September 1995 and indicted on 18 January 1996. On 22 October 1996, Mr. Villafuerte pled guilty to this charge in the Ohio Cuyahoga County Court of Common Pleas, was sentenced to a suspended term of 18 months imprisonment and three years probation.

On 16 January 1997, the INS initiated a deportation proceeding against Mr. Villafuerte, pursuant to the Immigration and Nationality Act ("INA") § 241(a)(2)(A)(iii), 8 U.S.C. § 1227(a)(2)(A)(iii) (making deportable aliens convicted of an aggravated felony). After a hearing, an immigration judge[1] found Villafuerte deportable. The Board of Immigration Appeals affirmed the immigration judge's decision.

On 11 April 2002, Mr. Villafuerte filed the present petition for a writ of habeas corpus in this United States District Court pursuant to 28 U.S.C. § 2241. Mr. Villafuerte asserts that he is entitled to be considered for a waiver of deportation under § 212(c) of the INA as it existed at the time he committed his crime in September 1995. The INS, instead, applied the law in existence at the time Mr. Villafuerte pled guilty and denied him the possibility of a waiver of deportation.

### II. Analysis

#### A. The Statutory Changes

Formerly § 212(c) of the Immigration and Nationality Act of 1952 stated:

"Aliens lawfully admitted for permanent residence who temporarily proceeded abroad voluntarily and not under an

---

1. An immigration judge is an attorney whom the Attorney General appoints as an administrative judge for immigration review. An immigration judge can conduct hearings. Aliens and Nationality, 8 C.F.R. § 1.1.

order of deportation, and who are returning to a lawful unrelinquished domicile of seven consecutive years, may be admitted in the discretion of the Attorney General . . . ." 8 U.S.C. § 1182(c) (repealed).

Even though § 212(c) was literally applicable only to aliens who sought to reenter the United States in exclusion proceedings, the Board of Immigration Appeals interpreted it to authorize any permanent resident alien who had lawfully resided in the United States for seven consecutive years to apply for a discretionary waiver from deportation. *See Matter of Silva,* 16 I. & N. Dec. 26, 30, 1976 WL 32326 (1976). If the waiver is granted, the alien remains a lawful permanent resident. A substantial percentage of the applications for § 212(c) relief have been granted. *INS v. St. Cyr,* 533 U.S. 289, 295–96, 121 S.Ct. 2271, 150 L.Ed.2d 347 (2001).

In April 1996, section 212(c) was amended by § 440(d) of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Pub.L. No. 104–132, 110 Stat. 1277 (1996). Under § 440(d), discretionary waivers of deportation are not available for aliens who have committed an aggravated felony.[2] The crime Mr. Villafuerte committed in September 1995 is an aggravated felony that would render him ineligible for § 212(c) relief under AEDPA. AEDPA went into effect on 24 April 1996. Mr. Villafuerte pled guilty in October 1996.

In September 1996, Congress repealed section 212(c) completely by enacting the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"). Pub.L. No. 104–208, 110 Stat. 3009–597 (1996). In place of INA § 212(c) now is a provision that gives the Attorney General the authority to cancel removal from the United States for a narrow class of aliens. IIRIRA § 304(b), 8 U.S.C. § 1229b. That narrow class excludes any aliens "convicted of any aggravated felony." § 1229b(a)(3). IIRIRA was effective on 1 April 1997.

## B. Recent Supreme Court Precedent St. Cyr

The Supreme Court of the United States recently ruled on the issue of whether the provisions of AEDPA and IIRIRA limiting and repealing § 212(c) apply retroactively to aliens who pled guilty before the effective dates of both statutes. In *INS v. St. Cyr,* Mr. St. Cyr was a lawful permanent resident in the United States. *Id.* at 293, 121 S.Ct. 2271. On 8 March 1996, he pled guilty in a state court to a charge of selling a controlled substance, in violation of Connecticut law. Based on the conviction, the INS commenced a deportation proceeding against him on 10 April 1997, after both AEDPA and IIRIRA became effective. *Id.* The Attorney General interpreted those two statutes as depriving him the discretion to grant a § 212(c) waiver and refused to consider Mr. St. Cyr for such a waiver. *Id.* Mr. St. Cyr argued that the application of AEDPA and IIRIRA to him was an impermissible retroactive application of law.

The Supreme Court applied the *Landgraf* two-step test[3] to decide whether

---

2. Section 440(d) of the AEDPA barred review for aliens ordered deported because of a conviction for an aggravated felony, for a drug conviction, for certain weapons or national security violations, and for multiple convictions involving crimes of moral turpitude. 110 Stat. 1277, 1996.

3. Under *Landgraf v. USI Film Products,* "the court's first task is to determine whether Congress has expressly prescribed the statute's proper reach. If Congress has done so, of course, there is no need to resort to judicial default rules. When, however, the statute contains no such express command, the court must determine whether the new statute

AEDPA and IIRIRA had an impermissible retroactive effect on Mr. St. Cyr. The Court first determined that Congress had not expressly prescribed that AEDPA § 440(d) and IIRIRA § 304(b) apply retrospectively. *Id.* at 317–20, 114 S.Ct. 1483. Second, the Court held that applying these provisions to an alien who pled guilty prior to the enactment of AEDPA and IIRIRA would have an impermissible retroactive effect. *Id.* at 323–24, 114 S.Ct. 1483. The Court reasoned that aliens entered into plea agreements with the expectation that they would be eligible for the § 212(c) waiver. Plea agreements involve a *quid pro quo* between a criminal defendant and the government, and alien defendants considering whether to enter into such agreements are acutely aware of their convictions' immigration consequences. After prosecutors have received the benefit of plea agreements, facilitated by the aliens' belief in their continued eligibility for § 212(c) waivers, it would be unfair to hold that IIRIRA deprives the aliens of any possibility of such relief. *Id.* at 321–24, 114 S.Ct. 1483.

## C. Application to Mr. Villafuerte

Mr. Villafuerte committed the crime in September 1995, before the effective date of AEDPA § 440(d). He pled guilty on 22 October 1996, after the effective date of AEDPA, but before the effective date of IIRIRA. INS commenced the deportation proceeding in January 1997, before the effective date of IIRIRA. Under *St. Cyr*, IIRIRA is not applicable to Mr. Villafuerte because at the time he pled guilty, IIRIRA was not effective. However, ADEPA was effective when he pled guilty, and Mr. Villafuerte would be ineligible for a § 212(c) relief under § 440(d) of ADEPA.

Mr. Villafuerte asks this Court to go further than the U.S. Supreme Court did in *St. Cyr* and to apply the law at the time

the crime was committed, instead of the law at the time the guilty plea was entered.

Because the Supreme Court has resolved the first part of the *Landgraf* test and held that AEDPA is not explicit about its retrospective application, this Court only need address the second part of the *Landgraf* test. The issue is whether applying AEDPA § 440(d) to aliens who committed an aggravated felony before the enactment of AEDPA, but pled guilty after the effective date of AEDPA, would have an impermissible retroactive effect. *Landgraf*, 511 U.S. at 280, 114 S.Ct. 1483.

"A statute does not operate 'retrospectively' merely because it is applied in a case arising from conduct antedating the statute's enactment, ... or upsets expectations based on prior law. Rather, the court must ask whether the new provision attaches new legal consequences to events completed before its enactment." *Landgraf*, 511 U.S. at 270, 114 S.Ct. 1483. Until a conviction is obtained, a deportation proceeding would not be commenced against an alien. Deportation of an alien is a civil proceeding separate and independent from the criminal proceeding. The focus of the deportation proceeding is not whether an alien has committed a crime, but whether he has been convicted of the crime and whether his conviction renders him removable. "It is the conviction, not the underlying criminal act, that triggers the disqualification for § 212(c) relief." *St. Cyr v. INS*, 229 F.3d 406, 418 (2d Cir.2000) (affirmed by *INS v. St. Cyr*, 533 U.S. 289, 121 S.Ct. 2271, 150 L.Ed.2d 347 (2001)). Because the conviction for, not the commission of, a crime triggers deportation proceedings, the law governing the deportation proceeding should be the law existing at the time of conviction.

would have retroactive effect." 511 U.S. 244, 280, 114 S.Ct. 1483, 128 L.Ed.2d 229 (1994).

Furthermore, Mr. Villafuerte entered into the guilty plea agreement after the enactment of AEDPA. In *St. Cyr*, the Supreme Court based its decision on the fact that Mr. St. Cyr entered into his guilty plea agreement before the enactment of AEDPA. The Supreme Court stated that aliens "are acutely aware of their convictions' immigration consequences," and they enter into a guilty plea "with the expectation that they would be eligible for the § 212(c) relief." *St. Cyr*, 533 U.S. at 321–24, 121 S.Ct. 2271. In this case, Mr. Villafuerte did not have a reasonable expectation of the availability of the § 212(c) relief at the time he entered into a plea agreement, because the law in effect at the time did not afford him such a relief.

## D. Additional Support

The Second Circuit Court of Appeals addressed the same issue in *Domond v. INS*, 244 F.3d 81 (2d Cir.2001). Mr. Domond committed robbery in November 1994, and pled guilty on 8 November 1996. *Id.* at 83. The Second Circuit reversed the district court, which applied the law in effect at the time of Mr. Domond's criminal conduct, and held that AEDPA § 440(d) applied. *Id.* The Second Circuit reasoned that the underlying criminal conduct was not the conduct that barred the § 212(c) relief and that Mr. Domond did not have the same reliance and expectation as those of an alien who pled guilty before the enactment of AEDPA. *Id.* at 85–86.

·*Domond* and *St. Cyr* together were decided by a district court in the same case. *See Dunbar v. INS*, 64 F.Supp.2d 47 (D.Conn.1999). In *St. Cyr*, the Second Circuit held that AEDPA did not apply to an alien who pled guilty prior to the enactment of AEDPA, a holding that was affirmed by the Supreme Court. 229 F.3d at 421 (2d Cir.2000). The facts which accounted for the different results in *Do-*

*mond* and *St. Cyr* were that Mr. St. Cyr pled guilty before the enactment of AEDPA, while Mr. Domond pled guilty after its enactment. In *St. Cyr*, the Second Circuit stated a rule that "the bar to discretionary relief applies regardless of whether a legal permanent alien's underlying criminal conduct pre-dated the AEDPA or IIRIRA." *Id.* at 418. This rule is consistent with the holding of *Domond*. The Supreme Court in *St. Cyr*[4] had the opportunity to go further and hold that the law existing at the time of criminal conduct applies. Instead, the Supreme Court adopted the Second Circuit's reasoning that an alien who entered into a plea agreement had an expectation of possible § 212(c) relief, and applied the law in existence at the time the alien pled guilty. After the Supreme Court's decision in *St. Cyr*, the Second Circuit reaffirmed *Domond*'s holding in *Carr v. Reno*, 24 Fed.Appx. 99, 100 (2d Cir.2002). *But see Mohammed v. Reno*, 205 F.Supp.2d 39 (E.D.N.Y.2002) (following *Domond* in denying Mohammed's petition for discretionary relief, but strongly criticizing the *Domond* decision.).

Other courts that considered this issue reached the same conclusion as did the Second Circuit. In *Carranza v. INS*, 277 F.3d 65, 67 (1st Cir.2002), Mr. Carranza committed his offenses in March 1996 and entered a guilty plea on 1 October 1997. The First Circuit held that the right to be considered for a § 212(c) relief was unavailable to Mr. Carranza because he pled guilty after the IIRIRA's effective date. *Id.* at 73.

Some courts rejected an alien's request to be considered for § 212(c) relief even when the alien was convicted before the enactment of AEDPA, because the conviction was obtained in a trial instead of a guilty plea. *See Armendariz–Montoya v. Sonchik*, 291 F.3d 1116, 1121 (9th Cir.2002)

---

4. The Supreme Court decided *St. Cyr* after *Domond* was decided by the Second Circuit.

("Unlike aliens who pleaded guilty, aliens who elected a jury trial cannot plausibly claim that they would have acted any differently if they had known about § 440(d)."). *See also Asad v. Ashcroft,* 47 Fed.Appx. 303, 304 (6th Cir.2002) (stating Mr. Asad, who was convicted for drug-related offenses in 1992, was not eligible for § 212(c) relief because he "had not entered a guilty plea but had been convicted of his offense").[5]

### III. Conclusion

Because AEDPA § 440(d) excluded Mr. Villafuerte from being considered for the INA § 212(c) relief at the time he pled guilty to an aggravated felony, Mr. Villafuerte's petition for a writ of habeas corpus is denied, and respondents' motion to dismiss is granted.

IT IS SO ORDERED.

### *JUDGMENT ENTRY*

Applying the law existing at the time Mr. Villafuerte pled guilty to an aggravated felony, AEDPA § 440(d) excluded Mr. Villafuerte from being considered for the INA § 212(c) relief. Therefore Mr. Villafuerte's petition for a writ of habeas corpus is denied, and respondents' motion to dismiss is granted. This case is hereby dismissed.

IT IS SO ORDERED.

---

**5.** There are other cases in the Sixth Circuit that addressed the retroactivity issue, but those cases are inapplicable here. In *Pak v. Reno,* 196 F.3d 666 (6th Cir.1999), the INS commenced the deportation proceeding against Mr. Pak before the enactment of AEDPA, and while the proceeding was pending, AEDPA went into effect. *Id.* at 668. For the same reason, *Reeves v. Reno,* 61 F.Supp.2d 661 (E.D.Mich.1999). does not apply here. The INS commenced the deportation proceeding against Mr. Reeves in 1988. *Id.* at 663.