**Michael WALKER, Petitioner–Appellant,**

v.

**John ASHCROFT, Attorney General; Immigration and Naturalization Service, Respondents–Appellees.**

No. 01–3747.

United States Court of Appeals, Sixth Circuit.

Dec. 23, 2002.

Before KEITH, KENNEDY, and MOORE, Circuit Judges.

## OPINION

MOORE, Circuit Judge.

Petitioner Michael Walker seeks review of a final order of deportation by the Board of Immigration Appeals ("BIA") alleging that the Immigration and Naturalization Service ("INS") failed to meet its burden of proving deportability because Walker was not convicted of an aggravated felony or any other crime. For the reasons set forth below, we AFFIRM the Immigration Judge's findings, as affirmed by the BIA, that Walker is an alien convicted of complicity in the trafficking of marijuana. Having determined that Walker is removable due to his conviction, we lack jurisdiction to address any other issue with respect to the removal proceeding.

## I

Walker, a native and citizen of Jamaica, was admitted to the United States as a conditional permanent resident on December 8, 1993. On October 30, 1997, the INS issued and served on Walker a Notice to Appear ("NTA"). The NTA charged Walker with removal because Walker, a Jamaican citizen with immigrant status, had been convicted in the Court of Common Pleas, in Elyria, Ohio, for the offense of complicity in trafficking marijuana, in violation of Ohio law.

Attached to the NTA was a form I–213, "Record of Deportable/Inadmissible Alien," completed by INS Officer Daray. The I–213 contained Walker's passport number, social security number, date of birth, and address. Furthermore, the I–213 indicated that Officer Daray had fingerprinted Walker and initiated a criminal records check, which revealed Walker's conviction.

The case was presented to an immigration judge ("IJ") on May 5 and 17, 2000. At the hearing, Walker denied allegations one through four in the NTA and denied deportability. In addition to the form I–213, the INS introduced a copy of Walker's Jamaican passport, a memorandum of creation of record, Walker's petition to remove conditions on residence, a copy of the indictment in Walker's complicity in trafficking marijuana conviction, and a certified copy of the entry of plea and sentence in that case. Based on all of the evidence on record, the IJ concluded that the INS met its burden of establishing that Walker was convicted of complicity in trafficking marijuana, which is an aggravated felony. Thus, the IJ ordered Walker removed and deported from the United States. Walker appealed to the BIA, which affirmed the IJ's decision without opinion.

## II

When the BIA summarily adopts the opinion of the IJ, a court of appeals must review the decision of the IJ. *Al Najjar v. Ashcroft*, 257 F.3d 1262, 1284 (11th Cir. 2001); *Mousa v. INS*, 223 F.3d 425, 428 (7th Cir.2000). In the present case, because the BIA summarily affirmed the IJ's decision, we review the IJ's decision as if it were the Board's decision. We review the IJ's decision to determine whether its conclusion is, based on the evidence presented, substantially reasonable. *Hammer v. INS*, 195 F.3d 836, 840 (6th Cir.1999). Under this deferential standard, we may not reverse the IJ's determination simply because we would have decided the matter differently. *Id.* In order to reverse the IJ's factual determinations, therefore, we must find that the evidence compels the

conclusion that the IJ was wrong. *INS v. Elias–Zacarias,* 502 U.S. 478, 481, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992).

Our jurisdiction in this case is limited to considering whether Walker is an alien removable by reason of having committed an aggravated felony, namely, complicity in the trafficking of marijuana. Under 8 U.S.C. § 1252(a)(2)(C), "no court shall have jurisdiction to review any final order of removal against an alien who is removable by reason of having committed a criminal offense covered in section ... 1227(a)(2)(A)(iii)," which specifies that aliens who are convicted of "aggravated felonies" are deportable, *see* 8 U.S.C. § 1227(a)(2)(A)(iii). The statute defines "aggravated felonies" to include illicit trafficking in a controlled substance, the crime of which Walker was convicted. 8 U.S.C. § 1101(a)(43)(B). Notwithstanding this restriction on jurisdiction over removal orders in such cases, however, courts do have jurisdiction to review whether the alien was convicted of a criminal offense that justifies deportation. *See Sousa v. INS,* 226 F.3d 28, 31 (1st Cir.2000) (stating that § 1252(a)(2)(C) "is not a bar to our considering [the petitioner's] claim that he is not removable as an aggravated felon"). This limited judicial review leaves "enough of a safety valve ... to enable judicial correction of bizarre miscarriages of justice." *LaGuerre v. Reno,* 164 F.3d 1035, 1040 (7th Cir.1998).

Under the INA, therefore, we have jurisdiction to determine whether Walker is an alien who is removable for having committed one of the criminal offenses specified in the statute. If he is, then we lack jurisdiction to address any other aspects of his proceedings. Walker argues that he has not committed a crime that renders him removable. To determine whether we have jurisdiction over the other issues in this case, we must determine whether Walker was in fact convicted of complicity in the trafficking of marijuana.

It is the duty of the INS "to establish the facts supporting deportability by clear, unequivocal, and convincing evidence." *Woodby v. INS,* 385 U.S. 276, 277, 87 S.Ct. 483, 17 L.Ed.2d 362 (1966). Once the INS proves an alien's conviction for deportability purposes, the burden shifts to the alien to produce evidence of nondeportability. *See Cabral–Avila v. INS,* 589 F.2d 957, 959 (9th Cir.1978) (stating that "[o]nce the [I–213] forms have been properly admitted, the Service's [p]rima facie case of deportability is made" and that "[t]he burden of going forward to produce evidence of nondeportability then shifts to the petitioner") (citing 8 U.S.C. § 1361). Thus, we must first examine whether the INS carried its burden of proving that Walker is deportable by reason of being convicted of complicity in trafficking marijuana. We then look to whether Walker has put forth enough evidence to rebut the INS's evidence.

■ The INS has carried its burden of proving that Walker has been convicted of complicity in trafficking marijuana. The INS presented to the IJ Walker's passport, the indictment, judgment and entry of conviction, and form I–213. Walker argues that these documents did not establish deportability by clear and convincing evidence. However, not only do these documents reasonably indicate the existence of a criminal conviction, but also courts of appeals have held that an authenticated I–213 form, Record of Deportable/Inadmissible Alien, is sufficient evidence of deportability to shift the burden to the alien to demonstrate otherwise. *See, e.g., Espinoza v. INS,* 45 F.3d 308, 311 (9th Cir.1995) (finding that facts established by an I–213 form that lacked any indication of unreliability were sufficient to shift the burden to the petitioner). Walker gives us no reason

to doubt the correctness of the information contained in the court records and the I–213 form, and we believe that this information sufficiently establishes Walker's conviction. This shifts the burden to Walker.

 Walker argues that he is not the same Michael Walker that was convicted of complicity in the trafficking of marijuana. In support of this claim, Walker shows us that there are seven other individuals with the name "Michael Walker" in the Cleveland telephone book. Although there are seven other individuals named Michael Walker in the Cleveland area, this is insufficient to provide the direct and persuasive proof that he is not the Michael Walker convicted of complicity in trafficking marijuana necessary to rebut the INS's evidence, when the I–213 prepared by Officer Daray indicated that Walker was fingerprinted and that an NCIC check was conducted to verify that Walker was in fact convicted in the Court of Common Pleas for complicity in the trafficking of marijuana. Simply creating suspicion by pointing to the telephone book to indicate that there are several individuals named Michael Walker does not undermine confidence in the I–213 or satisfy Walker's burden of demonstrating that he is not deportable.

Walker bore the burden of demonstrating the unreliability of the information presented to the IJ. Since he has failed to meet this burden, the INS's information is presumed to be reliable. In light of the indictment, judgment and entry of conviction, and the I–213 on record as evidence, it was not error for the IJ to conclude that Walker was convicted of complicity in the trafficking of marijuana. Having determined that Walker is removable due to his conviction, our authority to act in this case with respect to the removal proceeding is at an end.

## III

Based on the foregoing analysis, we AFFIRM the IJ's decision that Walker was convicted of complicity in the trafficking of marijuana. Thus, Walker's petition for review is DENIED insofar as it challenges the order of removal on the ground that he was not convicted of complicity in trafficking marijuana, and his petition is DISMISSED for lack of jurisdiction insofar as it challenges any other aspect of the removal proceeding.