Walid KAYROUZ Plaintiff

v.

John ASHCROFT, et al Defendants

No. CIV.A.03–10–DLB.

United States District Court,
E.D. Kentucky,
Covington.

March 5, 2003.

Douglas E. Weigle, Bartlett & Weigle, Cincinnati, OH, for Plaintiff.

Marianna Clay, Thomas Lee Gentry, U.S. Attorney's Office, Lexington, OH, for Defendants.

## MEMORANDUM OPINION & ORDER

BUNNING, District Judge.

This matter is before the Court on Plaintiffs' Motion for a Temporary Restraining Order to stay his deportation. (Doc. # 2) The Plaintiff has also filed a petition and amended petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1] (Doc. # 1) The Defendants have filed responses to both the motion and petition (Doc. # 4, 5), to which the Plaintiff has filed a reply. (Doc. # 8, 9). The Defendants filed a supplemental reply to Plaintiff's replies. (Doc. # 12).

On February 28, 2003, the Court heard oral argument on both the motion for temporary restraining order and petition for writ of habeas corpus. Douglas S. Weigle, Esq., appeared on behalf of the Plaintiff and Thomas Lee Gentry, Esq. and Marianna J. Clay, Esq. appeared on behalf of the Defendant. The proceedings were recorded by Official Court Reporter Amy Blosser. Having heard the arguments of counsel and considered the arguments raised on their respective memoranda, for the reasons stated herein, the motion for temporary restraining order is **DENIED** and the petition for writ of habeas corpus is **DISMISSED WITH PREJUDICE.**

### INTRODUCTION

Plaintiff is a native and citizen of Lebanon, having entered the United States at New York, New York, on or about September 16, 1988 as an unmarried child of an alien resident.

On July 3, 2001, the plaintiff entered a plea of guilty before United States District Judge Susan Dlott in the Southern District of Ohio to a One Count Information charging him with using a telephone to facilitate

---

1. Both of these pleadings were originally filed in the Southern District of Ohio and were redocketed as part of Doc. # 1 in this Court.

the possession of marijuana with the intent to distribute In violation of 21 U.S.C. § 843(b). At the time of the taking of the plea, the defendant waived indictment and entered a plea of guilty to a criminal information.[2]

On October 17, 2001, plaintiff was sentenced by Judge Dlott to a term of imprisonment of twelve months and one day. Plaintiff began service of his sentence on November 13, 2001.

On December 21, 2001, the Immigration and Naturalization Service (INS) served on plaintiff a notice to appear (NTA) charging him as removable pursuant to § 237(a)(2)(B)(i) of the Immigration and Naturalization Act, in that, he had been convicted of a violation of (or a conspiracy or attempt to violate) any law or regulation of a state, the United States, or a foreign country relating to a controlled substance (as defined in § 102 of the Controlled Substances Act, 21 U.S.C. § 802), other than a single offense involving possession of one's own use or thirty (30) grams or less of marijuana.

On May 28, 2002, the INS served on plaintiff a notice of additional charge of deportability (Form I–261), charging him as removable pursuant to § 237(a)(2)(A)(iii) of the Immigration and Naturalization Act, in that, he had been convicted of an aggravated felony as defined in § 101(a)(43)(B) of the Act. 8 U.S.C. § 1101(a)(43)(B). At his removal hearing on May 28, 2002, plaintiff, through counsel, admitted all four (4) of the factual allegations contained in the NTA and conceded the charge of removability brought pursuant to § 237(a)(2)(B)(i). However,

plaintiff disputed the charge or removability alleged as a result of his aggravated felony conviction. Plaintiff's counsel requested an opportunity to submit a brief on the issue on whether plaintiff's 21 U.S.C. § 843(b) conviction constituted an aggravated felony as defined in the Act. The Immigration Judge permitted the issue to be briefed.

On July 16, 2002, the Immigration Judge ruled that plaintiff's conviction qualified as an aggravated felony, explaining that § 101(a)(43)(b) of the Immigration and Naturalization Act provides that an alien is deportable as an "aggravated felon" if he has been convicted of an offense related to illicit trafficking in a controlled substance as defined in § 102 of the Controlled Substances Act. This includes a "drug trafficking crime" as defined in 18 U.S.C. § 924(c). After making that determination, the Immigration Judge ordered plaintiff deported from the United States and designated the Country of Lebanon for removal. The plaintiff appealed that decision to the Board of Immigration Appeals.

In a *per curiam* opinion on January 6, 2003, the Board of Immigration Appeals affirmed the decision of the Immigration Judge to remove plaintiff from the United States to his native Lebanon.

### ANALYSIS

During oral argument, the parties conceded that the Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 2241. In both *INS v. St. Cyr,* 533 U.S. 289, 121 S.Ct. 2271, 150 L.Ed.2d 347 (2001) and *Calcano–Martinez v. INS,* 533 U.S. 348, 121 S.Ct. 2268, 150 L.Ed.2d

---

**2.** The criminal information charges that on or about December 1, 2000 in the Southern District of Ohio, the defendant, Walid Kayrouz, a/k/a "Lido" did knowingly, intentionally, and unlawfully use a communication facility, that is a telephone, to facilitate the commission of a felony, that is, the possession with the intent

to distribute marijuana, a Schedule I controlled substance, in violation of Title 21 U.S.C. § 841(a)(1), in that he did use the telephone to discuss the time and location of a proposed sale of marijuana, in violation of Title 21 U.S.C. § 843(b).

392 (2001), the Supreme Court expressly held that district courts retain subject matter jurisdiction under 28 U.S.C. § 2241 to hear habeas petitions filed by permanent resident aliens subject to removal orders because they were convicted of aggravated felonies. Thus, there is no dispute that the Court has subject matter jurisdiction in this case.

■ In determining whether to issue a temporary restraining order, a district court must consider four factors, balancing each factor against the other: (1) the likelihood that the moving party will succeed on the merits of the claim; (2) the likelihood the moving party will suffer irreparable injury if injunctive relief is not granted; (3) whether granting the relief will cause substantial harm to others; and (4) whether granting the relief would serve the public interest. *Suster v. Marshall,* 149 F.3d 523, 528 (6th Cir.1998), *cert. denied,* 525 U.S. 1114, 119 S.Ct. 890, 142 L.Ed.2d 788 (1999); *Washington v. Reno,* 35 F.3d 1093, 1099 (6th Cir.1994). As the Sixth Circuit has held, however, the four considerations are factors to be balanced, not prerequisites that must be met. *In re: DeLorean Motor Co.,* 755 F.2d 1223, 1229 (6th Cir.1985). Therefore, the degree of likelihood of success required to support a grant of injunctive relief may depend on the strength of the other factors considered. *Id.*

In an effort to satisfy the substantial likelihood of success on the merits prong, plaintiff argues that the Immigration Judge committed an error of law when he determined that his conviction for violating 21 U.S.C. § 843(b) was an aggravated felony. Plaintiff argues that the use of a telephone to facilitate the possession of marijuana with intent to distribute does not constitute "illicit drug trafficking" under the definition section contained in 8 U.S.C. § 101(a)(43)(B), nor does it fall under attempt or conspiracy to commit an offense as defined in 8 U.S.C. § 101(a)(43)(U). Plaintiff also argues that the crime is not mentioned at any point within the Controlled Substances Act and it is comparable to other crimes which have not been found to be aggravated felonies. Plaintiff also argues that because Title 8 and Title 18 are inconsistent, the determination that his underlying conviction qualified as a drug trafficking crime as defined in Title 18 was erroneous.

In support of his argument, plaintiff sites the Sixth Circuit's Opinion of *Castaneda De Esper v. INS,* 557 F.2d 79 (6th Cir.1977). Plaintiff's reliance on *Castaneda De Esper* is misplaced. Although cited by plaintiff for the proposition that conspiracy to possess narcotics was not sufficiently related to a controlled substance for purposes of an aggravated felony as defined in the Act, *Castaneda De Esper* case was actually a misprision of a felony case in violation of 18 U.S.C. § 4. For that reason, the Sixth Circuit found that the misprision of a felony was not itself a law relating to a narcotic drug. It is simply disingenuous for plaintiff to argue that his conviction for violating a specific section of the Controlled Substances Act, to wit, 21 U.S.C. § 843(b), does not qualify as an aggravated felony as defined in 8 U.S.C. § 1101(a)(43)(B).

■ To the contrary, the conviction for which the defendant was sentenced in October, 2001, precisely fits the definition of an aggravated felony. Title 8, U.S.C. § 1101(a)(43)(B) defines the term "aggravated felony" as any "illicit trafficking in a controlled substance" (as defined in 21 U.S.C. § 802), including a drug trafficking crime (as defined in 18 U.S.C. § 924(c)). There is no dispute that marijuana is a controlled substance. During his guilty plea, plaintiff admitted to knowingly and intentionally using a telephone to facilitate the sale of marijuana. This satisfies the definition of "illicit trafficking." The term

"drug trafficking crime" under § 924(c) means any felony punishable under the Controlled Substances Act (21 U.S.C. § 801 *et seq.*).

In the case *sub judice,* there is no dispute that plaintiff was convicted of a felony violation of Title 21, which precisely meets the statutory definition. Moreover, the Court's comparison of the language of 18 U.S.C. § 924(c)(2) with 8 U.S.C. §§ 1227(a)(2)(B)(i) and 1227(a)(2)(A)(iii) fails to reveal any inconsistency. To the contrary, both statutes, when considered together, are consistent.

Not only is the conclusion that plaintiff's conviction qualified as an aggravated felony supported by the plain language of the statute itself, at least one appellate court has specifically held that a conviction under 21 U.S.C. § 843(b) is an aggravated felony for purposes of 8 U.S.C. § 1101(a)(43)(B). *See, e.g. Calcano–Martinez v. INS,* 232 F.3d 328, 331 (2nd Cir. 2000), *affirmed,* 533 U.S. 348, 121 S.Ct. 2268, 150 L.Ed.2d 392 (2001). In that case, one of the petitioners, *Fazlla Kahn,* was convicted of using a telephone to facilitate the distribution of heroin in violation of 21 U.S.C. § 843(b). The NTA charged that her conviction rendered her deportable as an alien convicted of an aggravated felony, exactly the same as in this case. *Kahn* sought a cancellation of removal on the basis that the deportation would cause a hardship on her family. The Second Circuit held that such relief was not available to *Kahn* because she had been convicted of a crime that qualified as an aggravated felony under the statute. *Id.* at 332.

Further authority for a finding that plaintiff's 21 U.S.C. § 843(b) conviction is an aggravated felony can be found in the Fifth Circuit's decision in the *United States v. Mankins,* 135 F.3d 946, 949 (5th Cir.1998). In that case, the Fifth Circuit held that the defendant's prior conviction for using a communication facility to commit or facilitate acts constituting felonies under federal drug laws was itself "felony drug offense". Because the statutory definition of an aggravated felony includes a felony violation of the federal drug laws, plaintiff's conviction is a qualifying aggravated felony.

To the extent that plaintiff seeks to distinguish his felony drug offense because he was convicted of facilitation, as opposed to actually possessing the marijuana with intent to distribute, the court relies upon the Sixth Circuit's unpublished opinion in *Walker v. Ashcroft,* 54 Fed.Appx. 438, 2002 WL 31890925 (6th Cir.2002) wherein the Sixth Circuit held that an Ohio felony conviction for complicity in the trafficking of marijuana was a qualifying aggravated felony. In view of the unpublished opinion in *Walker,* the court finds plaintiff's attempt to distinguish his conviction on this basis without merit.

■ As his second ground for relief, plaintiff argues that his continued detention pending removal, without any opportunity for bond, violates his due process rights under the Fifth Amendment. The court finds the INS' conduct in plaintiff's case to be constitutional in all respects and not violative of his Fifth Amendment due process rights.

As an initial matter, given the Order of Removal which was made final by the affirmance of the Board of Immigration Appeals on January 6, 2003, plaintiff's argument regarding the constitutionality of his mandatory detention pursuant to 8 U.S.C. § 1226(c) is now moot. Because plaintiff is no longer in pre-removal status, § 1226(c) is no longer applicable to his situation.[3]

---

**3.** During oral argument, the court inquired about the possible impact, if any, of the Supreme Court's pending decision in *Demore v. Kim,* which was argued on January 15, 2003.

Although plaintiff was being detained pursuant to § 1226(c) when he filed his petition and amended petition, the issuance of the Final Order of Removal has caused his circumstances to change considerably.

In view of the Final Order of Removal, plaintiff is no longer being detained pursuant to § 1226(c) which governs *only* detention prior to a Final Removal Order. Instead, he is now being detained pursuant to a completely different statute, 8 U.S.C. § 1231(a), which controls the detention and removal of an alien subject to a Final Order of Removal. Section 1231(a) provides that ordinarily "when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of ninety (90) days." 8 U.S.C. § 1231(a)(1)(A). Thus, his challenge to the constitutionality of his mandatory detention pursuant to § 1226(c) is moot. *See, e.g., De La Teja v. Ashcroft,* 321 F.3d 1357 (11th Cir.2003).

Since plaintiff has been found to be subject to deportation under § 1227(a)(2) and is currently subject to the ninety (90) day removal period, the Attorney General unquestionably has the authority to detain him, and indeed is statutorily required to do so. *Id.* at 1363. *See,* 8 U.S.C. § 1231(a)(2) ("during the removal period, the Attorney General shall detain the alien. Under no circumstance during the removal period shall the Attorney General release an alien who has been found ... deportable under § 1227(a)(2) . . . .") *See, Zadvydas v. Davis,* 533 U.S. 678, 121 S.Ct. 2491, 150 L.Ed.2d 653 (2001).

In *Zadvydas,* the Supreme Court addressed the detention of aliens who are admitted to the United States but subsequently became subject to a Final Order of Removal. While stating that "an indefi-

nite, perhaps permanent, deprivation of human liberty would raise a serious constitutional problem" under the Fifth Amendment's Due Process Clause, *id.* at 690–92, 121 S.Ct. 2491, the Supreme Court held that "read in light of the Constitution's demands, Section 1231(a) limits an alien's post-removal period detention to a period reasonably necessary to bring about that alien's removal from the United States." *Id.* at 689, 121 S.Ct. 2491. The court further established a presumption that detention is allowed for six (6) months following the conclusion of the removal period. *Id.* at 701, 121 S.Ct. 2491.

In this case, the removal period ended on January 6, 2003. In view of the holding of *Zadvydas,* there is a presumption that detention is constitutionally permitted through July 6, 2003. While it is possible that an issue may arise at a later point in time regarding how long the Attorney General could detain the plaintiff after July 6, 2003, that is a case or controversy which does not yet exist and the court will not issue an advisory opinion regarding that issue.

■ In view of the Board of Immigration Appeals' two sentence *per curiam* opinion affirming the decision of the Immigration Judge, plaintiff argues that the BIA abused its discretion when it denied his requested relief without rational explanation. In support of this alleged error, plaintiff cites to four cases involving requests for asylum: *Babai v. INS,* 985 F.2d 252, 254 (6th Cir.1993) (holding that the Board's discretion may be properly exercised only if it fully considers the relevant facts); *Bastanipour v. INS,* 980 F.2d 1129 (7th Cir.1992) (holding that the BIA did not provide adequate support for its find-

---

Having heard the arguments of counsel, wherein the plaintiff conceded that the facts of *Demore* involved a mandatory detention prior to the issuance of a Final Order of Removal, the court finds that the *Demore* case is distinguishable from the facts of this case and waiting on the decision in *Demore* is therefore unnecessary.

ing that the alien did not have well-founded fear of persecution for his conversion to Christianity); *de la Llana–Castellon v. INS*, 16 F.3d 1093, 1098 (10th Cir.1994) (holding that the BIA decisions "employing identical, 'boilerplate' paragraphs regarding the effect of the Nicaraguan election casts a cloud over the [BIA's] decisions and hinders meaningful judicial review."); *Zhao v. Department of Justice*, 265 F.3d 83, 96–97 (2nd Cir.2001) (holding that the failure to explain a decision adequately provides a grounds for reversal).

A review of these cases reveals they are distinguishable on the basis that in each case, a factual issue was before the BIA, and the BIA failed to provide adequate support for its finding of fact. For instance, in *Babai*, the court held that in determining whether deportation would result in "extreme hardship," the BIA failed to consider the impact of the aliens' son if he remained in the United States. The court explained: "because the determination of extreme hardship depends upon the facts of each case, the Board's discretion may be properly exercised only of it fully considers the relevant facts. Failure to consider all the factors which bear on extreme hardship is an abuse of the Board's discretion." 985 F.2d at 254. In *Llana–Castellon*, the Tenth Circuit found that it was an abuse of discretion for the BIA to reverse the immigration judge's finding that the petitioner had a well-founded fear of persecution based solely on administrative notice of a change in leadership in the Nicaraguan government. 16 F.3d at 1098. In *Bastanipour*, the Seventh Circuit stated that a bare conclusion that an alien did not have a well-founded fear of persecution is not an adequate discharge of an administrative agency's responsibilities. 980 F.2d at 1131. Finally, in *Zhao*, the Second Cir-

cuit remanded the denial of a motion to reopen for the BIA to adequately address the petitioner's new evidence that his wife was sterilized, a fact which supported his fear of persecution if he returned to the People's Republic of China.

In this case, the issue before the BIA was an issue of law and statutory interpretation, to wit, whether plaintiff's 21 U.S.C. § 843(b) conviction was an aggravated felony as defined in section 101(a)(43)(B) of the Immigration and Naturalization Act. The Immigration Judge ruled that plaintiff's conviction qualified as an aggravated felony. Because there was no factual dispute as to what occurred, there was no need for the BIA to provide a factual basis for affirming the Immigration Judge's ruling. For the same reason that an appellate court can summarily affirm the decision of a district court in a per curiam opinion, there is no error in the procedure used in this case regarding the BIA's decision.

■ Plaintiff also argues that Attorney General Ashcroft's recent changes to the appeal process deny him due process. Citing to an article in *Bender's Immigration Bulletin*, plaintiff argues that Attorney General Ashcroft's proposed reforms allowing one BIA member to decide appeals rather than a full panel violate his due process rights. However, no case law is cited by plaintiff for this proposition. Because the record does not reveal if these reforms were applied in plaintiff's case,[4] the court will assume so for the sake of resolving this issue. Just as the undersigned routinely sits as a one person reviewing court in bankruptcy appeals and social security benefit cases, the court does not believe that having his immigration

4. White the BIA's decision was only signed by one Board member, it was a per curiam opin-
ion.

appeal decided by one BIA panel member violates his due process rights.

 For all of these reasons, the court finds that the plaintiff has failed to show a substantial likelihood of success on the merits. In view of this finding, the other prongs of the four part test necessary for the issuance of a temporary restraining order, while they must be examined, do not, when balanced against the substantial likelihood of success of the merits prong, mandate the granting of injunctive relief in this case.

Although the plaintiff will assuredly suffer hardship as a result of being deported due to his aggravated felony, which the court will assume for purposes of his motion will cause some hardship on him and his family, granting the relief in this case does not serve the public interest in any way. In fact, the public interest prong weighs heavily in favor of denying the motion. The prompt removal of aliens convicted of serious felonies is essential to the nation's ability to control its borders, through enforcement by the Immigration and Naturalization Service. Additionally, the detention of aliens after a final order of removal is considered vital by Congress to effectuate that policy. Staying the deportation of allens, such as Plaintiff, convicted of a Title 21 felony drug offense is not in the public interest.

## CONCLUSION

When considering the four factors as a whole, the Court finds that the lack of a substantial likelihood of success on the merits, which the court has rejected herein, and public interest factor, greatly outweigh the "irreparable injury" and "substantial harm to others" factors. Accordingly, the request for injunctive relief is **DENIED**.

Additionally, as there is no basis for the granting of habeas relief in this case, the petition and amended petition for writ of habeas corpus is **DISMISSED WITH PREJUDICE**.

This is a final and appealable order.