**Tareq AHMED, Petitioner,**

v.

**John ASHCROFT, Attorney General; Immigration and Naturalization Service, Respondents.**

No. 02–3757.

United States Court of Appeals, Sixth Circuit.

Jan. 7, 2004.

Charles S. Owen, Owen & Associates, Southfield, MI, for Petitioner.

Papu Sandhu, Allen W. Hausman, Earle B. Wilson, Washington, DC, for Respondents.

Before KRUPANSKY, MOORE, and ROGERS, Circuit Judges.

## OPINION

MOORE, Circuit Judge.

Petitioner Tareq Ahmed ("Ahmed") seeks review of a final order of the Board of Immigration Appeals ("BIA") affirming an immigration judge's ("IJ") order denying his applications for asylum and withholding of deportation. The IJ decided that Ahmed had failed to demonstrate past persecution or a credible fear of future persecution. The BIA summarily affirmed, adopting the decision of the IJ. On appeal, Ahmed essentially reasserts his claim that he is entitled to asylum; given the limited nature of this court's review of the BIA, reversal is unwarranted. We therefore DENY Ahmed's petition.

Ahmed is a Bangladeshi national who entered the United States in 1993; the Immigration and Naturalization Service ("INS") charged him with deportability in 1996 as an alien excludible at time of entry under § 241(a)(1)(A) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1227(a)(1)(A). At his deportation hearing in early 1997, Ahmed admitted his deportability but then requested asylum under § 208 of the INA, 8 U.S.C. § 1158. Ahmed asserts that he was a member of the Jalabad Social and Welfare Organization, a nonprofit organization providing various social and community services, including the construction of a road near Sylhet, Bangladesh; he claims that he was physically attacked by local political groups opposed to the construction of the road, and that the police were unresponsive. As a result of the altercation, Ahmed was charged with assault and attempted murder. Ahmed also alleges a second politically motivated attack.

Ahmed's current application for asylum is complicated by a previous application filed with the INS in 1993, shortly after his arrival in the U.S. That application was, by his own admission, entirely false.[1] Ahmed

---

1. The application asserted that Ahmed was a member of the "Jatio [sic] Party," Joint Appendix ("J.A.") 184–86. This is apparently a common basis for Bangladeshis' asylum claims; see State Dep't Profile of Asylum Claims and Country Conditions, J.A. 242, at 6, J.A. 247. The application also claimed that Ahmed's hands had been broken in a physical attack that placed him in the hospital for four months. J.A. at 185.

explained that a friend had written it up for him because Ahmed had asked the friend how he could get a job to earn money. Joint Appendix ("J.A.") at 162–63. He claimed that his friend had invented the story on his own, and given the application to Ahmed to sign. Ahmed indicated that he did not care what it said, he did not ask his friend what was on the application, "[he] just signed it," J.A. at 166; that application was signed under penalty of perjury. J.A. at 183. Ahmed claims not to have learned of its falsity until he went over the application in the Chicago asylum office in 1996 as prelude to the instant proceeding. J.A. at 167.

The INS initiated deportation hearings in 1996, and Ahmed renewed his asylum application. After a hearing was held in December 1997 on the merits, the application was denied. Appellees' Br. at 3, Appellant's Br. at 5. Because of the BIA's summary affirmance of the IJ's decision, it is the reasoning of the IJ's decision this court reviews. See Walker v. Ashcroft, 54 Fed.Appx. 438, 439 (6th Cir.2002) (citing Al Najjar v. Ashcroft, 257 F.3d 1262, 1284 (11th Cir.2001)). This court reviews the BIA's decision under the substantial-evidence standard. Reversal is proper only if the evidence compels a contrary conclusion, such that no reasonable factfinder could find that fear of persecution did not exist. See INS v. Elias–Zacarias, 502 U.S. 478, 481 & n. 1, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992); Koliada v. INS, 259 F.3d 482, 488 (6th Cir.2001); Mikhailevitch v. INS, 146 F.3d 384, 388 (6th Cir. 1998); Klawitter v. INS, 970 F.2d 149, 151 (6th Cir.1992).

■ Ahmed seeks asylum under INA § 208(a), 8 U.S.C. § 1158(a), and withholding of deportation under former INA § 243(h), 8 U.S.C. § 1253(h). Under those provisions, the Attorney General has discretion to grant asylum to a "refugee"; "refugee" is defined in 8 U.S.C.

§ 1101(a)(42) as an alien unwilling to return to his country of origin "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." An alien who can demonstrate past persecution is presumed to have a well-founded fear of future persecution. See Koliada, 259 F.3d at 487. Ahmed argues that he was entitled to asylum on the basis of past political persecution, a contention the IJ rejected, finding that any harassment to which Ahmed was subject was not on the basis of a protected political opinion. Although we are troubled by the assertion that any advocacy for social welfare and justice does not constitute a political opinion, on the facts of this case, where Ahmed has only established that he advocated a single, small public works project, substantial evidence does exist to support the IJ's decision that Ahmed was not persecuted on the basis of a political opinion. Additionally, to the extent the IJ relied upon a credibility finding in reaching his decision, that finding, based as it was on Ahmed's admittedly perjurious prior asylum application, was entirely appropriate.

■ Ahmed also argues he is entitled to withholding of deportation under former 8 U.S.C. § 243(h). The burden of proof for this relief is higher than for the granting of asylum; to fail on the latter is to fail on the former. See Mikhailevitch, 146 F.3d at 391.

For the foregoing reasons, we DENY the petition.