**Walid KAYROUZ, Petitioner–Appellant,**

v.

**John ASHCROFT, Attorney General, et al., Respondents–Appellees.**

No. 03–5372.

United States Court of Appeals, Sixth Circuit.

Sept. 22, 2004.

Douglas S. Weigle, Bartlett & Weigle, Cincinnati, OH, for Petitioner–Appellant.

Frances E. Catron, U.S. Attorney, Marianna Jackson Clay, Asst. U.S. Attorney, Thomas Lee Gentry, Asst. U.S. Attorney, U.S. Attorney's Office, Lexington, KY, for Respondent–Appellee.

Before MARTIN, COLE, and GIBBONS, Circuit Judges.

## ORDER

Walid Kayrouz, a native and citizen of Lebanon, appeals the district court order dismissing his petition for a writ of habeas corpus. *See* 28 U.S.C. § 2241. The government has expressly waived oral argument. Kayrouz has been deemed to have waived oral argument because he failed to respond to this court's show cause letter concerning the waiver of such argument. This panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Kayrouz entered the United States in September 1988 as a lawful permanent resident. In July 2001, he pleaded guilty to using a telephone to facilitate the possession of marijuana with the intent to distribute, in violation of 21 U.S.C. § 843(b). The United States District Court for the Southern District of Ohio sentenced Kayrouz to twelve months and one day of imprisonment. The Immigration and Naturalization Service (INS) began removal proceedings in December 2001. The INS charged that Kayrouz was removable under 8 U.S.C. § 1227(a)(2)(B)(i) because of his conviction for violating a law relating to a controlled substance, and under 8 U.S.C. § 1227(a)(2)(A)(iii) for committing an aggravated felony. *See* 8 U.S.C. § 1101(a)(43)(B). Kayrouz requested cancellation of removal under § 240(a) of the Immigration and Nationality Act (INA). An immigration judge (IJ) determined that Kayrouz's conviction constituted an aggravated felony and ordered him removed. The Board of Immigration Appeals (BIA) upheld that decision in January 2003.

Before the BIA entered its decision, Kayrouz filed a petition for a writ of habeas corpus in the court of his conviction. The case was transferred to the Eastern District of Kentucky, where Kayrouz was

incarcerated, and Kayrouz requested a temporary restraining order (TRO) barring his removal from the country. The district court denied Kayrouz a TRO and dismissed the petition. The district court found that Kayrouz's conviction was an aggravated felony for purposes of the INA. *Kayrouz v. Ashcroft,* 261 F.Supp.2d 760, 763–64 (E.D.Ky.2003).

On appeal, Kayrouz argues that the district court erred: (1) in finding that his conviction is an "aggravated felony" as defined under 8 U.S.C. § 1101(a)(43); (2) in finding that summary affirmation by the BIA in his case constituted proper administrative review; and (3) in determining that the other prongs of the four-part test for the issuance of a temporary restraining order did not weigh heavily in favor of him and mandate the granting of injunctive relief.

■ Initially, we note that an order ruling on a motion for a TRO is not appealable. *Office of Pers. Mgmt. v. Am. Fed'n of Gov't Employees, AFL–CIO,* 473 U.S. 1301, 1303–05, 105 S.Ct. 3467, 87 L.Ed.2d 603 (1985). Thus, we need not address Kayrouz's arguments regarding his motion for a TRO.

■ We review de novo a district court's judgment dismissing a petition for a writ of habeas corpus. *Asad v. Reno,* 242 F.3d 702, 704 (6th Cir.2001). Upon review, we affirm the district court's decision for the reasons stated by the district court. Under the INA, any alien who has been convicted of an aggravated felony is removable. 8 U.S.C. § 1227(a)(2)(A)(iii). The INA defines aggravated felony to include "illicit trafficking in a controlled substance ..., including a drug trafficking crime (as defined in section 924(c) of Title 18)." 8 U.S.C. § 1101(a)(43)(B). The referenced statute, 18 U.S.C. § 924(c), defines drug trafficking crime to include "any

felony punishable under the Controlled Substances Act (21 U.S.C. §§ 801, *et seq.*)." The crime of using a telephone to facilitate the possession of marijuana with the intent to distribute is part of the Controlled Substances Act. 21 U.S.C. § 843(b). Thus, under the plain language of the relevant statutes, a violation of 21 U.S.C. § 843(b) qualifies as an aggravated felony under the INA. *See Khan v. Ashcroft,* 352 F.3d 521, 522 (2d Cir.2003). Kayrouz has presented no authority to the contrary.

■ Kayrouz's argument that summary affirmation by the BIA did not constitute proper administrative review and denied him due process is without merit. This court has held that neither the BIA's streamlining procedures for reviewing appeals nor its practice of affirming IJ decisions without issuing an opinion violates an alien's rights to due process. *Denko v. INS,* 351 F.3d 717, 730 (6th Cir.2003). Moreover, although Kayrouz argues that he was not given a fair review, this court "will not assume such a complete breakdown in the system in the absence of tangible evidence to support such a conclusion." *Id.* at 739. Kayrouz has identified no evidence that his case was reviewed improperly.

For the foregoing reasons, we affirm the district court's order.