RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206

ELECTRONIC CITATION: 2001 FED App. 0063P (6th Cir.)
File Name: 01a0063p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

_____

FARID MASUD ASAD,
     _Petitioner-Appellant,_

     _v._

JANET RENO, Attorney
General; DORIS MEISSNER;
LYNN UNDERDOWN; LESLIE
KLINEFELTER; IMMIGRATION
AND NATURALIZATION
SERVICE,
     _Respondents-Appellees._

No. 99-6507

Appeal from the United States District Court
for the Middle District of Tennessee at Nashville.
No. 97-00267—Thomas A. Wiseman, Jr., District Judge.

Argued: November 29, 2000

Decided and Filed: March 8, 2001

1

Before:  RYAN and NORRIS, Circuit Judges; EDGAR,
                Chief District Judge.*

---

**COUNSEL**

---

**ARGUED:**  Linda Rose, ROSE IMMIGRATION LAW
FIRM, Nashville, Tennessee, for Appellant. Stephen J. Flynn,
U.S. DEPARTMENT OF JUSTICE, OFFICE OF
IMMIGRATION LITIGATION, for Appellees. **ON BRIEF:**
Linda Rose, ROSE IMMIGRATION LAW FIRM, Nashville,
Tennessee, for Appellant.  William C. Erb, Margaret J. Perry,
U.S. DEPARTMENT OF JUSTICE, OFFICE OF
IMMIGRATION LITIGATION, Washington, D.C., for
Appellees.

---

**OPINION**

---

    RYAN, Circuit Judge.  The petitioner, Farid Masud Asad,
appeals the district court's decision dismissing his habeas
corpus petition under 28 U.S.C. § 2241.  Asad contends that
the district court erroneously concluded that he was ineligible
for a waiver of deportation under former section 212(c) of the
Immigration and Nationality Act of 1952 (INA), 8 U.S.C.
§ 1101-1646, in light of section 440(d) of the Antiterrorism
and Effective Death Penalty Act of 1996 (AEDPA), Pub L.
No. 104-1321, 110 Stat. 1214 (1996), which denies section
212(c) relief to aliens, such as Asad, who have been convicted
of certain enumerated crimes.  For the reasons that follow, we
**AFFIRM** the district court's judgment dismissing Asad's
habeas corpus petition.

---

    *The Honorable R. Allan Edgar, Chief United States District Judge
for the Eastern District of Tennessee, sitting by designation.

## I.

Asad, a native of Israel and a citizen of Jordan, was admitted to the United States as a student on August 17, 1981, and became a permanent resident on July 14, 1989. The Immigration and Naturalization Service (INS) began seeking Asad's deportation after he was convicted on July 6, 1992, for drug-related offenses in violation of 21 U.S.C. §§ 841(a)(1) & 846, which made him an aggravated felon under section 241(a)(2)(A)(iii) of the INA. In December 1992, the INS served Asad with an Order to Show Cause (OSC) why he should not be deported under section 241(a) as an alien who had been convicted of an aggravated felony after entry into the United States. The OSC was not filed with the Immigration Court and the INS did not take further action at that time. A second OSC was served on Asad on August 19, 1996, and was filed with the Immigration Court on September 12, 1996. Asad filed an application for a waiver of deportation under former INA section 212(c) on March 31, 1997.

At a deportation hearing on July 7, 1997, an immigration judge denied Asad's section 212(c) application after concluding that Asad was ineligible for such a waiver under section 440(d) of the AEDPA. Section 440(d) provides that aliens convicted of certain crimes, including those of which Asad was convicted, are statutorily ineligible for INA section 212(c) discretionary waivers. Section 212(c) permits the Attorney General, in certain circumstances, to exercise discretion to waive the deportation of an otherwise deportable alien. In November 1998, the Board of Immigration Appeals (BIA) affirmed the immigration judge's order and dismissed Asad's appeal. This court dismissed Asad's petition for review of the BIA decision after determining it lacked appellate jurisdiction under section 309(c)(4)(G) of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (IIRIRA).

On March 31, 1999, Asad filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 with the United States

District Court for the Middle District of Tennessee, in which he challenged the BIA's decision that section 440(d) precluded him from seeking a discretionary waiver of his deportation order via section 212(c). Asad also claimed that section 440(d) violated the Equal Protection Clause by affording discretionary relief for some aliens, but denying it for others. The district court granted the government's motion to dismiss the case on October 7, 1999. The district court concluded that the BIA's finding that Asad was statutorily ineligible for section 212(c) relief was not a retroactive application of AEDPA section 440(d) and did not violate his due process rights. Furthermore, the district court rejected the petitioner's claim that section 440(d)'s application in Asad's case violated the Equal Protection Clause because the distinction in section 440(d) between excludable and deportable aliens had a rational relationship to the legitimate governmental purpose of expeditiously removing from the country aliens convicted of crimes.

Asad filed this timely appeal.

## II.

This court reviews *de novo* a district court's judgment dismissing a *habeas corpus* petition filed under 28 U.S.C. § 2241. *See Mustata v. United States Dep't of Justice*, 179 F.3d 1017, 1019 (6th Cir. 1999).

## III.

First we must address the complex statutory background that provides the foundation for this case. This case is governed by the INA. Former INA section 212(c), codified at 8 U.S.C. § 1182(c) (1995), provided:

Aliens lawfully admitted for permanent residence who temporarily proceeded abroad voluntarily and not under an order of deportation, and who are returning to a lawful unrelinquished domicile of seven consecutive years, may be admitted in the discretion of the Attorney General . . . . The first sentence of this subsection shall not apply

aliens from this country is a legitimate purpose that is not violative of Asad's equal protection rights.

## VI.

For the foregoing reasons, the district court's judgment dismissing Asad's *habeas corpus* petition under 28 U.S.C. § 2241 is **AFFIRMED**.

**V.**

Asad also argues that section 440(d) is a violation of the equal protection guarantee of the Fifth Amendment to the United States Constitution because it precludes section 212(c) relief to aliens in deportation proceedings and not those in exclusion proceedings. The government asserts that there are rational, legitimate reasons for distinguishing between the two groups of aliens in determining the availability of section 212(c) relief. The elimination of section 212(c) relief to deportable aliens serves the legitimate objective of expeditiously removing those aliens from the country. According to the respondents, convicted aliens subject to exclusion proceedings that have not yet entered the country do not create the same public safety concerns as deportable aliens already in the country.

Because the legislative classification between the different groups in this case does not implicate either a fundamental right or a suspect class, Asad must show that the distinction is not rationally related to a legitimate governmental purpose. *See Central State Univ. v. American Ass'n of Univ. Professors*, 526 U.S. 124, 127-28 (1999). Several circuit courts facing this same issue have concluded that there is a legitimate governmental purpose in eliminating section 212(c) relief to deportable aliens convicted of certain crimes because of the possible public safety risk those individuals pose. *See Almon v. Reno*, 192 F.3d 28 (1st Cir. 1999), *cert. denied*, 121 S. Ct. 83 (2000); *Jurado-Gutierrez v. Greene*, 190 F.3d 1135 (10th Cir. 1999), *cert. denied*, 120 S. Ct. 1539 (2000); *Requena-Rodriguez v. Pasquarell*, 190 F.3d 299 (5th Cir. 1999); *DeSousa v. Reno*, 190 F.3d 175 (3d Cir. 1999); and *LaGuerre v. Reno*, 164 F.3d 1035 (7th Cir. 1998), *cert. denied*, 120 S. Ct. 1157 (2000).

We agree with the district court that Asad failed to meet his burden of showing that section 212(c)'s classification among aliens in deportation and exclusion proceedings was not rationally related to a legitimate governmental purpose. Expediting the process to remove convicted and deportable

to an alien who has been convicted of one or more aggravated felonies and has served for such felony or felonies a term of imprisonment of at least 5 years.

*Id.*

Section 212(c) had been interpreted as also giving the Attorney General discretionary authority to waive deportation for aliens who were already in the United States, but were deportable because they had committed an aggravated felony or controlled substance violation. *See Pak v. Reno*, 196 F.3d 666, 669 (6th Cir. 1999); *Wallace v. Reno*, 194 F.3d 279, 281 (1st Cir. 1999).

Section 212(c) was substantially altered by the passage of section 440(d) of the AEDPA, which became effective April 24, 1996. Section 440(d) of the AEDPA eliminated section 212(c) discretionary relief for aliens who had committed certain enumerated crimes, including those of which Asad was found guilty.

**IV.**

**A.**

Initially, we must determine when deportation proceedings against Asad "commenced," because, as we shall explain, "commence" is a term of art in the INS regulations defining the time of vesting of jurisdiction in the Immigration Court. INS regulations indicate that deportation proceedings commence when the appropriate charging document is filed with the Immigration Court. One regulation provides, in relevant part, that "[j]urisdiction vests, and proceedings before an Immigration Judge commence, when a charging document is filed with the Immigration Court by the Service." 8 C.F.R. § 3.14(a) (2000). Furthermore, the regulation at 8 C.F.R. § 240.30 states, in part: "An exclusion proceeding is commenced by the filing of Form I-122 with the Immigration Court, and an alien is considered to be in exclusion proceedings only upon such filing."

Asad argues that proceedings against him commenced when he was served with the first OSC, prior to the enactment of AEDPA section 440(d) in April 1996, making him eligible for a hearing under section 212(c). According to Asad, applying section 440(d)'s ban on section 212(c) waivers to him would be an impermissible retroactive application of section 440(d).

The government contends that deportation proceedings against Asad did not commence until after the enactment of the AEDPA, when the second OSC served on Asad was filed with the Immigration Court on September 12, 1996, making him ineligible for possible section 212(c) relief due to AEDPA section 440(d).

Based upon the plain language of 8 C.F.R. § 3.14(a), quoted above, we hold that the deportation proceedings against Asad did not commence until the appropriate charging document was filed with the Immigration Court on September 12, 1996.

### B.

Because the deportation proceedings were commenced against Asad in September 1996, after section 440(d) of the AEDPA became effective, Asad had no protected interest in retaining his ability to apply for a discretionary waiver under section 212(c). Asad claims that section 440(d) was retroactively applied in his case for two reasons: (1) he was relying on the availability of section 212(c) relief at the time he was served with the first OSC; and (2) he did not appeal his criminal conviction in reliance on the possibility of being granted relief under section 212(c).

In *Landgraf v. USI Film Products*, 511 U.S. 244 (1994), the United States Supreme Court articulated a two-step test for determining the retroactivity of a statute: (1) whether Congress prescribed the statute's temporal reach; and, if not, (2) a determination whether retrospective application would have a "retroactive effect." *See id.* at 280. When considering the second step of the test, the *Landgraf* Court stated that a "court must determine whether the new statute would have

retroactive effect, *i.e.*, whether it would impair rights a party possessed when he acted, increase a party's liability for past conduct, or impose new duties with respect to transactions already completed." *Id.* at 280. "[F]amiliar considerations of fair notice, reasonable reliance, and settled expectations offer sound guidance." *Id.* at 270.

Even if we found persuasive Asad's argument that proceedings against him commenced in December 1992 when he was served with the first OSC, his argument is meritless because he was *ineligible* for a waiver under section 212(c) at that time. Former section 212(c) relief was available only to those aliens who had been domiciled in this country for seven consecutive years after attaining lawful permanent residency status. *See* 8 U.S.C. § 1182(c) (1995). Asad became a permanent resident of the United States on July 14, 1989, but would not have been eligible for 212(c) relief until seven consecutive years later, on July 14, 1996, after AEDPA section 440(d)'s effective date of April 24, 1996. Additionally, Asad did not even file for a waiver of deportation under section 212(c) until March 31, 1997, almost a year after section 440(d)'s effective date.

Asad urges this court to follow the decisions of our sister circuits in *Alanis-Bustamante v. Reno*, 201 F.3d 1303, 1307-08 (11th Cir. 2000), holding that "proceedings . . . commenced . . . [when] the order to show cause was served on [the immigrant] and a warrant of detainer had been filed against him," and *Wallace v. Reno*, 194 F.3d 279, 287 (1st Cir. 1999), holding that "when an order to show cause is served on the alien, the deportation process has effectively begun and expectations properly form, even if there is no actual reliance." The *Alanis-Bustamante* and *Wallace* decisions were based, at least in part, on the alien's *legitimate* reliance that section 212(c) relief was available. Asad did not legitimately rely on the possibility that section 212(c) relief would be afforded to him because he had not met the eligibility requirements for 212(c) relief until *after* AEDPA section 440(d) had been enacted.