**Nguyen Tu DOAN, Petitioner–Appellant,**

v.

**John LAMANNA, Warden, Respondent–Appellee.**

**No. 01–3013.**

United States Court of Appeals, Sixth Circuit.

Aug. 10, 2001.

Before KRUPANSKY, SUHRHEINRICH, and SILER, Circuit Judges.

Nguyen Tu Doan appeals a district court order dismissing his petition for a writ of habeas corpus filed under 28 U.S.C. § 2241. The case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 1996, Doan was convicted in the United States District Court for the Middle District of Florida of conspiracy to engage in a pattern of racketeering activity in violation of 18 U.S.C. § 1962(d), and the court sentenced him to 51 months of imprisonment. In 1998, Doan pleaded guilty in the United States District Court for the Northern District of Georgia to engaging in Racketeer Influenced and Corrupt Organizations (RICO) in violation of 18 U.S.C. § 1962(c), and the court sentenced him to 210 months of imprisonment, which was to run concurrent with the sentence from the Florida district court. In 2000, Doan filed this § 2241 petition, arguing that the Bureau of Prisons (BOP) had not given him credit for pretrial incarceration and had not calculated his sentences to run concurrently. The district court determined that Doan's claims were without merit and dismissed the petition. In this timely appeal, Doan has filed a motion to proceed in forma pauperis (IFP).

Upon review, we conclude that the district court properly dismissed Doan's § 2241 habeas petition. This court reviews de novo a district court's judgment dismissing a habeas corpus petition filed under 28 U.S.C. § 2241. *Asad v. Reno,* 242 F.3d 702, 704 (6th Cir.2001); *Mustata v. United States Dep't of Justice,* 179 F.3d 1017, 1019 (6th Cir.1999). If a federal prisoner seeks to challenge the execution of his sentence, he must file a § 2241

habeas petition in the district court having jurisdiction over the petitioner's custodian. *In re Hanserd,* 123 F.3d 922, 925 (6th Cir.1997); *United States v. Jalili,* 925 F.2d 889, 893–94 (6th Cir.1991).

■ Doan first argues that the BOP should have credited him for time spent incarcerated while awaiting his Georgia conviction and sentence. Under 18 U.S.C. § 3585(b), a defendant can receive sentence credit for time spent incarcerated prior to sentencing if: 1) he was incarcerated because of the offense for which the sentence was imposed; or 2) he was incarcerated because of another charge for which he was arrested after the commission of the current offense. Neither of these situations applies in this case. Doan was already incarcerated because of his Florida district court conviction during the pendency of the proceedings in the Georgia district court. Since he was not imprisoned because of the pending RICO charge in the Georgia district court or because of a subsequent arrest, he was not entitled to sentencing credit under § 3585(b). *See United States v. Dovalina,* 711 F.2d 737, 740 (5th Cir.1983).

■ Doan next argues that the BOP has not calculated the Florida and Georgia sentences to run concurrently. Doan's plea agreement in the Georgia case provided that the government would recommend that these sentences would run concurrently, and the Georgia district court sentenced him accordingly. Contrary to Doan's argument, the BOP did calculate these sentences to run concurrently. At the time that Doan was sentenced for the Georgia conviction in October 1998, he had already served over two years on his Florida conviction. The BOP calculated that Doan's 210–month Georgia sentence would run concurrently with the remainder of his 51–month Florida sentence, for an aggregate sentence of approximately 233 months of imprisonment.

■ Doan apparently argues that the Georgia sentence should have been run concurrently with the entire 51–month term of the Florida sentence. However, under § 3585(a), a sentence to a term of imprisonment begins on the date the defendant is received into custody. Consequently, his Georgia sentence could not begin to run until after his sentencing in October 1998. Further, the BOP has the authority to determine when a prisoner's sentence commences. *See United States v. Gonzalez,* 192 F.3d 350, 353 (2d Cir. 1999).

Accordingly, this court grants Doan IFP status solely for the purpose of deciding this appeal and affirms the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.