**Farid Masud ASAD, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

**No. 02–3876.**

United States Court of Appeals, Sixth Circuit.

Sept. 17, 2002.

**304**

Before KRUPANSKY and CLAY, Circuit Judges; GWIN, District Judge.*

The petitioner seeks review of a decision of the Board of Immigration Appeals that denies a motion to reopen his immigration proceedings. He moves this court to stay his removal pending appeal. The respondent opposes a stay and further moves to dismiss the appeal for lack of jurisdiction on grounds that the petitioner stands convicted of an aggravated felony. The petitioner has replied in support of his motion.

In 1992, the petitioner was convicted for drug-related offenses under 21 U.S.C. § § 841(a)(1) and 846. Deportation proceedings were commenced, and in 1997 an immigration judge found him deportable and denied his application for a waiver of deportability under 8 U.S.C. § 1182(c). In doing so, the immigration judge concluded that the petitioner was statutorily ineligible for such a waiver by virtue of his conviction and § 440(d) of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). The Board affirmed that decision in 1998. This court dismissed a petition for review of that decision for lack of jurisdiction pursuant to § 309(c)(4)(G) of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (IIRIRA). *Asad v. Immigration and Naturalization Service*, No. 98–4370 (6th Cir., March 15, 1999) (order dismissing petition for review).

The petitioner then sought relief in a habeas petition brought under 28 U.S.C. § 2241. He argued that the application of § 440(d) of AEDPA to preclude his application for a waiver was unlawfully retroactive and in violation of the Equal Protection Clause. In a prior opinion, this court affirmed the dismissal of that petition and held that § 440(d) had not been retroac-

tively applied because the petitioner had not sought relief under § 212(c) until nearly a year after the effective date of § 440(d) of AEDPA. *Asad v. Reno*, 242 F.3d 702 (6th Cir.2001).

In this most recent challenge, the petitioner moved to reopen his immigration proceedings and argued that the Supreme Court's decision in *Immigration and Naturalization Service v. St. Cyr*, 533 U.S. 289, 121 S.Ct. 2271, 150 L.Ed.2d 347 (2001), provided him a basis for relief. However, in *St. Cyr*, the Court held that " § 212(c) relief remains available for aliens ... whose convictions were obtained through plea agreements and who, notwithstanding those convictions, would have been eligible for § 212(c) relief at the time of their plea under the law then in effect." The Board denied the motion to reopen and noted that the petitioner had not entered a guilty plea but had been convicted of his offense.

Because of the petitioner's convictions, § 309(c)(4)(G) bars this court's jurisdiction. *See Pak v. Reno*, 196 F.3d 666 (6th Cir. 1999) (although § 309(c)(4)(G) eliminated judicial review by any court the section did not prevent aliens from seeking a writ of habeas corpus in the district court.) Further, there appears to be no substantial constitutional issue presented. The holding in *St. Cyr* was based upon facts distinct from those in the instant case.

Therefore, the respondent's motion to dismiss this petition for review hereby is GRANTED. The petitioner's motion to stay deportation is DENIED AS MOOT.

---

* The Honorable James S. Gwin, United States District Judge for the Northern District of Ohio, sitting by designation.