Reyes MENDEZ, Petitioner–Appellant,

v.

James M. JOHNSON, District Director, Department of Homeland Security, Respondent–Appellee.

No. 03–5194.

United States Court of Appeals, Sixth Circuit.

May 12, 2004.

Elliott Ozment, Nashville, TN, for Petitioner–Appellant.

William Siler, Asst. U.S. Attorney, U.S. Attorney's Office, Memphis, TN, Russell J.E. Verby, U.S. Department of Justice,Office of Immigration Litigation, David V. Bernal, U.S. Department of Justice, Office of Litigation, Washington, DC, for Respondent–Appellee.

Before: ROGERS and COOK, Circuit Judges; and SCHWARZER, Senior District Judge.*

COOK, Circuit Judge.

Reyes Mendez appeals the district court's dismissal of his 28 U.S.C. § 2241 petition for a writ of habeas corpus for lack of subject matter jurisdiction.[1] Because 8 U.S.C. § 1252(g) prohibits federal courts from reviewing the Attorney General's discretionary decisions about the adjudication of an alien's case, we affirm the district court's judgment.

I

In 1998, Mendez, a Mexican citizen, attempted to enter the United States using someone else's border crossing card. At the border, an INS inspector deemed him ineligible for admission to the United States for having attempted entry through fraud or willful misrepresentation of material fact, and issued an order of removal barring him from reentry for five years, absent the Attorney General's permission. Shortly thereafter, Mendez illegally reentered the United States and, a few months later, married a United States citizen.

In 1999, Mendez filed an I–212 application for "permission to reapply for admission into the United States after deportation or removal." The INS approved his application, noting that he did "not require consent to reapply for admission in the U.S." Mendez and his wife subsequently filed an I–485 application to adjust his status to that of an alien lawfully admitted for permanent residence. On that application, Mendez failed to disclose his earlier removal. While adjudicating the I–485 application, INS officials learned of that removal and arrested Mendez. The INS then reinstated the 1998 removal order, rescinded the grant of Mendez's I–212 application, and denied his I–485 application.

While in custody,[2] Mendez petitioned the district court for a writ of habeas corpus, arguing that by automatically denying his I–485 application on the basis of the fraudulent conduct that led to his earlier removal, the INS failed to consider the merits of his I–485 application. Mendez accordingly

---

* The Honorable William W. Schwarzer, United States District Judge for the Northern District of California, sitting by designation.

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), James M. Johnson, District Director, Department of Homeland Security, has been substituted as respondent-appellee in this appeal.

2. Respondents-appellees do not challenge Mendez's argument that he currently remains in United States custody for purposes of habeas law (despite having been returned to Mexico), nor do they challenge his claim that this appeal presents a live case or controversy.

sought an order directing the Attorney General to adjudicate his I–485 application on the merits. The district court concluded that under 8 U.S.C. § 1252(g) it lacked the authority to direct the Attorney General to adjudicate Mendez's I–485 application, and dismissed Mendez's petition for lack of subject matter jurisdiction.

## II

We review de novo the district court's dismissal of Mendez's 28 U.S.C. § 2241 petition for a writ of habeas corpus. *Asad v. Reno*, 242 F.3d 702, 704 (6th Cir.2001).

Mendez argues that he challenges only the Attorney General's refusal to consider his I–485 application on the merits. We conclude, however, that Mendez's petition actually constitutes a request for judicial review of the Attorney General's discretionary decisions relating to the adjudication of Mendez's case–an impermissible request under 8 U.S.C. § 1252(g). *See Gomez–Chavez v. Perryman*, 308 F.3d 796, 800 (7th Cir.2002) (holding that an alien "may not avoid the § 1252(g) bar by the simple expedient of recharacterizing a claim as one challenging a refusal to act"), *cert. denied*, —— U.S. ——, 124 S.Ct. 53, 157 L.Ed.2d 24 (2003). Section 1252(g) bars federal courts from reviewing the Attorney General's discretionary decisions to *"commence* proceedings, *adjudicate* cases, or *execute* removal orders." *Reno v. American–Arab Anti–Discrimination Comm.*, 525 U.S. 471, 482, 119 S.Ct. 936, 142 L.Ed.2d 940 (1999) (quotation marks omitted). The stringent limitations of § 1252(g) apply not only to the Attorney General's affirmative actions but also to his refusals to take action. *Gomez–Chavez v. Perryman*, 308 F.3d at 800; *Alvidres–Reyes v. Reno*, 180 F.3d 199, 205 (5th Cir.1999). Because Mendez's petition asks the district court to review the Attorney General's discretionary decisions relating to the adjudication of Mendez's I–485 application, § 1252(g) precludes consideration of his petition.

## III

For the foregoing reasons, we affirm the district court's judgment dismissing Mendez's petition for a writ of habeas corpus.