**Lloyd George MAXWELL, Plaintiff,**

v.

**IMMIGRATION & NATURALIZATION SERVICE, Defendant.**

**No. 4:03 CV 1762.**

United States District Court,
N.D. Ohio,
Eastern Division.

Aug. 20, 2004.

---

Lloyd George Maxwell, FSL Elkton, Lisbon, OH, Pro se, for Plaintiff.

Lisa Hammond Johnson, Assistant U.S. Attorney, Office of the U.S. Attorney, Northern District of Ohio, Cleveland, OH, for Defendant.

*MEMORANDUM OF OPINION AND ORDER DENYING RESPONDENT'S MOTION TO DISMISS, GRANTING PETITIONER'S WRIT OF HABEAS CORPUS, AND REMANDING THE CASE TO THE BOARD OF IMMIGRATION APPEALS*

WELLS, District Judge.

On 20 August 2003, *pro se* petitioner Lloyd George Maxwell filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 requesting that his deporta-

tion order be vacated, reversed, dismissed, or remanded to the administrative courts. (Docket # 1). On 6 February 2004, the Immigration and Naturalization Service ("INS")[1] responded with a motion to dismiss or, in the alternative, a motion for summary judgment. (Docket # 11). On 2 March 2004, Mr. Maxwell filed an opposition to the INS's motion to dismiss, and he filed a supplement to his opposition on 21 April 2004. (Docket # 13 and # 14). On 21 July 2004, the INS filed a supplemental memorandum in support of its motion to dismiss. (Docket # 21). Mr. Maxwell then filed a reply. (Docket # 23).

For the reasons set forth below, the Court denies the INS's motion to dismiss and grants Mr. Maxwell's petition for a writ of habeas corpus.

## I. BACKGROUND

Mr. Maxwell, a Jamaican citizen, first entered the United States on 31 October 1982 as the fiancé of United States' citizen Norma L. White. (Docket # 15, Ex. B, at 1). Based on his marriage to Ms. White, he became a permanent resident on 5 January 1983. (Docket # 15, Ex. B, at 1). On 26 May 1988, after a jury trial, Mr. Maxwell was convicted of conspiracy to possess with intent to distribute cocaine in viola-

tion of 21 U.S.C. § 846, and possession with intent to distribute cocaine, including aiding and abetting, pursuant to 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. (Docket # 15, Ex. C). Based on that conviction, Mr. Maxwell served 48 months in prison. (Docket # 15, Ex. B, at 8).

On 13 June 1988, the INS started deportation proceedings against Mr. Maxwell by issuing him an Order to Show Cause and Notice of Hearing. (Docket # 15, Ex. D). The show cause order charged that because of his drug conviction, Mr. Maxwell was deportable under former Section 241(a)(11) of the Immigration and Nationality Act ("INA") (now codified at 8 U.S.C. § 1227(a)(2)(B)(i)). (Docket # 15, Ex. A). At his hearing before an Immigration Judge, Mr. Maxwell conceded his deportability but requested discretionary relief under former Section 212(c) of the INA (former 8 U.S.C. § 1182(c)). (Docket # 15, Ex. B, at 2).[2] On 5 November 1992, the Immigration Judge found Mr. Maxwell statutorily eligible for 212(c) relief. (Docket # 15, Ex. B, at 8). However, in exercising his discretion, the Immigration Judge denied Mr. Maxwell's request for 212(c) relief concluding that Mr. Maxwell did not "have the equities to overcome the very serious drug conviction and that the re-

1. The Immigration and Naturalization Service has ceased to exist and its functions were transferred into three new agencies within the Department of Homeland Security, including the Bureau of Immigration and Customs Enforcement ("ICE"). The Executive Office of Immigration Review, which includes the immigration courts and appellate board, remains part of the Department of Justice. (Docket # 11, at 2, n. 1). As a successor agency to the former INS, ICE asserts that it is the proper respondent in this case. (Docket # 22, at ¶ 4). However, for convenience and consistency with the docket, the Court will refer to the respondent as the INS.

2. At the time of Mr. Maxwell's deportation proceedings, 212(c) provided, in pertinent part:

"Aliens lawfully admitted for permanent residence who temporarily proceeded abroad voluntarily and not under an order of deportation, and who are returning to a lawful unrelinquished domicile of seven consecutive years, may be admitted in the discretion of the Attorney General ... The first sentence of this subsection shall not apply to an alien who has been convicted of one or more aggravated felonies and has served for such felony or felonies a term of imprisonment of at least five years."

8 U.S.C. § 1182(c) (1995). As discussed in more detail below, Section 212(c) was amended by AEDPA, in 1996, to exclude from relief aliens convicted of controlled substance violations, and, later in 1996, it was completely repealed by IIRIRA.

spondent is not worthy of the 212(c) waiver." (Docket # 15, Ex. B, at 13).

On 12 November 1992, Mr. Maxwell filed a notice of appeal with the Board of Immigration Appeals ("BIA") contesting the Immigration Judge's conclusion regarding his request for 212(c) relief and stating that he would file a separate written brief within 30 days of receipt of the transcript. (Docket # 15, Ex. E). The BIA dismissed Mr. Maxwell's appeal on 15 March 1993 because the separate brief was never submitted and because the generalized statements contained in the Notice of Appeal failed, "to enlighten the Board as to the reasons, if any, for the appeal." (Docket # 15, Ex. F). On 12 November 1993, Mr. Maxwell was again convicted, by a jury, of a controlled substance offense under 21 U.S.C. § 846. (Docket # 1, Ex. F). That conviction was affirmed by the 4th Circuit on 27 January 1995. *United States v. Maxwell*, 46 F.3d 1128 (4th Cir. 1995).

According to Mr. Maxwell, on 17 November 2000, seven years after his second conviction, he filed a motion with the BIA to reopen his deportation proceedings claiming that his counsel was ineffective in failing to file the separate written brief and that this ineffective assistance of counsel resulted in an unfair dismissal of Mr. Maxwell's appeal. (Docket # 1, at 5). The BIA received Mr. Maxwell's motion to reopen on 6 April 2001. (Docket # 22, Ex. A). In his motion to reopen, Mr. Maxwell asked the BIA to review the Immigration

Judge's discretionary decision not to grant him 212(c) relief and the dismissal of his appeal due to extraordinary circumstances, excusable neglect, and prejudice from his counsel's ineffective assistance. (Docket # 1, at 5). On 27 March 2003, the BIA denied Mr. Maxwell's motion to reopen the deportation proceedings stating that the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") made him ineligible for 212(c) relief. (Docket # 1, Ex. I).[3]

## II. ANALYSIS

On 20 August 2003, Mr. Maxwell filed this petition for a writ of habeas corpus asking this Court to review the BIA decision denying his request to reopen his deportation proceedings and to set aside, vacate, or remand his deportation order because he was denied his Fifth Amendment due process rights as a result of ineffective assistance of counsel. (Docket # 1). The INS responds that, regardless of Mr. Maxwell's problem with his counsel, this Court does not have jurisdiction to review the Immigration Judge's discretionary decision to deny Mr. Maxwell 212(c) relief and that Mr. Maxwell is not eligible for 212(c) relief. (Docket # 11).

## A. Jurisdiction

██ While the INS argues that Section 242(a)(2)(B) of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA") bars judicial review of the Immigration Judge's discretionary decision to deny Mr. Maxwell 212(c) relief,

**3.** The 27 March 2003 decision of the BIA, provided to the Court (Docket # 1, Exhibit I), does not specifically indicate that it is addressing Mr. Maxwell's motion to reopen. However, the INS declares that there is no other BIA decision after Mr. Maxwell filed his motion to reopen. (Docket # 22, at ¶ 4). Consequently, the Court assumes that the 27 March 2003 decision applies to Mr. Maxwell's motion to reopen and proceeds accordingly. In responding to INS' declaration, Mr. Max-

well "submits that it is 'unclear' whether the Board of Immigration Appeals (BIA) had considered Petitioner Maxwell's Reopen Brief" and therefore asks this Court to vacate, set aside, reverse, and remand the deportation order on that basis. (Docket # 24). This particular argument need *not* be addressed, however, because, as discussed below, this Court grants Mr. Maxwell's petition on other grounds.

the Court need not reach that issue since the question presented by petitioner is one of law; namely his statutory eligibility for 212(c) relief.

The INA, as amended by IIRIRA, provides in pertinent part:

> Notwithstanding any other provision of law, no court shall have jurisdiction to review any final order of removal against an alien who is removable by reason of having committed a criminal offense covered in section ... 1227(a)(2)(B)(i).

8 U.S.C. § 1252(a)(2)(C). Despite this restriction, the United States Supreme Court, in *Immigration and Naturalization Service v. St. Cyr*, held that habeas jurisdiction under § 2241 was not repealed by AEDPA and IIRIRA and that courts may exercise habeas jurisdiction to resolve questions of law, such as eligibility for 212(c) relief. 533 U.S. 289, 314, 326, 121 S.Ct. 2271, 150 L.Ed.2d 347 (2001); *see also Pak v. Reno*, 196 F.3d 666, 674 (6th Cir.1999). As explained by the Sixth Circuit in *Pak*, "analytically, the decision whether an alien is eligible to be considered for a particular discretionary form of relief is a statutory question separate from the discretionary component of the administrative decision whether to grant that relief." 196 F.3d at 674. Consequently, though this Court may lack authority to review the Immigration Judge's discretionary determination not to grant Mr. Maxwell 212(c) relief, this Court is empowered to determine whether the BIA erred, as a matter of law, in saying that Mr. Maxwell was statutorily ineligible for 212(c) relief.

**B. Statutory Eligibility for 212(c) Relief**

 In 1991, when Mr. Maxwell first applied for 212(c) relief, the pertinent section of the INA read:

> Aliens lawfully admitted for permanent residence who temporarily proceeded abroad voluntarily and not under an or-

der of deportation, and who are returning to a lawful unrelinquished domicile of seven consecutive years, may be admitted in the discretion of the Attorney General ... The first sentence of this subsection shall not apply to an alien who has been convicted of one or more aggravated felonies and has served for such felony or felonies a term of imprisonment of at least five years.

8 U.S.C. § 1182(c) (1995). Although 212(c) literally only applied to exclusion proceedings, it has been interpreted by the BIA "to authorize any permanent resident alien with 'a lawful unrelinquished domicile of seven consecutive years' to apply for a discretionary waiver from deportation." *St. Cyr*, 533 U.S. at 295, 121 S.Ct. 2271. Applying the pre-amended version of 212(c), the Immigration Judge determined that Mr. Maxwell was statutorily eligible for 212(c) relief but denied him such relief as a matter of discretion. (Docket # 15, Ex. B, at 8 and 13).

After Mr. Maxwell was denied Section 212(c) discretionary relief, several statutory provisions were passed by Congress, which limited the class of aliens eligible for such relief. In 1996, Section 440(d) of AEDPA amended Section 212(c) to exclude from eligibility for relief aliens convicted of controlled substance violations, such as Mr. Maxwell. *St. Cyr*, 533 U.S. at 297, 121 S.Ct. 2271. Later that same year, Congress enacted IIRIRA, which completely repealed 212(c) and replaced it with 8 U.S.C. § 1229(b) which allows the Attorney General to exercise discretionary relief only for inadmissible or deportable aliens who have never been convicted of any aggravated felony. *Id.*

Relying on the United States Supreme Court's decision in *St. Cyr* and the Sixth Circuit's decision in *Asad v. Ashcroft*, 47 Fed. Appx. 303, 2002 WL 31085178 (6th Cir.2002), the INS argues that the 1996

amendments to 212(c) apply retroactively to Mr. Maxwell and that he is therefore not statutorily eligible for 212(c) relief. However, both cases are inapposite. In *St. Cyr*, the United States Supreme Court held that AEDPA and IIRIRA's changes to 212(c) relief could not be retroactively applied to aliens who pled to a crime. *St. Cyr*, 533 U.S. at 326, 121 S.Ct. 2271. In *Asad v. Ashcroft*, the Sixth Circuit held that *St. Cyr* did not apply to the petitioner because "the holding in *St. Cyr* was based upon facts distinct from those in the instant case." 47 Fed. Appx. at 304. The defendant in *Asad v. Ashcroft* was convicted by a jury, was not eligible for 212(c) relief at the time of his conviction, and applied for relief after the amendments took effect. *Asad v. Reno*, 242 F.3d 702 (6th Cir.2001). In both cases, the courts' discussions of retroactivity concerned a petitioner convicted before AEDPA and IIRIRA went into effect, but who applied for 212(c) relief *after* the amendments took effect. *St. Cyr*, 533 U.S. at 293, 121 S.Ct. 2271; *Asad v. Reno*, 242 F.3d at 706. This retroactivity analysis does not apply to Mr. Maxwell because he applied for 212(c) relief *before* the amendments took effect.

In *Pak v. Reno*, the Sixth Circuit considered the retroactivity of AEDPA and IIRIRA to aliens who, like Mr. Maxwell, applied for 212(c) relief before the amendments took effect. The Sixth Circuit held that "Congress intended that § 440(d) *not* apply retroactively, that is, not apply to pending applications for § 212(c) relief." *Pak*, 196 F.3d at 675; *see also Haio v. Immigration and Naturalization Service*, 199 F.3d 302, 305 (6th Cir.1999). The Sixth Circuit did not specifically state that IIRIRA also did not retroactively apply to pending applications, but because it affirmed the district court's decision to remand the case to the BIA for consideration of 212(c) relief, the court implicitly concluded that the repeal of 212(c) pursuant to IIRIRA also does not apply retroactively. Because Mr. Maxwell filed his application for 212(c) relief before AEDPA and IIRIRA took effect, the amendments do not apply to his application.

■ Given the above retroactivity analysis, the remaining question is whether the 1996 amendments to Section 212(c) applies to Mr. Maxwell's motion to reopen, which was received by the BIA on 6 April 2001. Because the BIA's dismissal, of Mr. Maxwell's appeal of the Immigration Judge's decision to deny him 212(c) relief, constituted a final order in Mr. Maxwell's deportation proceedings, *Stone v. Immigration and Naturalization Services*, 514 U.S. 386, 390, 115 S.Ct. 1537, 131 L.Ed.2d 465 (1995), the answer to this question turns on whether a motion to reopen is considered a new action or a continuation of the earlier application. In other words, if, as held by the First Circuit in *Wright v. Ouellette*, 171 F.3d 8, 12 (1st Cir.1999), a motion to reopen is considered a new action, Mr. Maxwell would be ineligible for 212(c) relief because his motion to reopen was filed after AEDPA and IIRIRA took effect. On the other hand, if the motion to reopen is a continuation of his original application, Mr. Maxwell would be eligible for 212(c) relief.

Despite the First Circuit's holding in *Wright*, this Court finds that the following agency regulation addressing motions to reopen, in precisely the circumstances raised by this case, supports statutory eligibility for Mr. Maxwell:

> A motion to reopen proceedings for consideration or further consideration of an application for relief under section 212(c) of the Act (8 U.S.C. § 1182(c)) may be granted if the alien demonstrates that he or she was statutorily eligible for such relief prior to the entry of the administratively final order of deportation.

8 C.F.R. § 1003.2(c)(1); *see also Hernan-dez–Rodriguez v. Pasquarell,* 118 F.3d 1034 (5th Cir.1997) (although not applicable to the facts of that case, the Fifth Circuit discusses the regulation and concludes that it "permit[s] the reopening of exclusion proceedings to entertain requests for section 212(c) relief"). Given this pertinent and persuasive regulation, the Court finds that AEDPA and IIRIRA do not retroactively revoke Mr. Maxwell's 212(c) eligibility. Accordingly, the BIA erred as a matter of law in concluding that Mr. Maxwell was not statutorily eligible for 212(c) relief.[4]

### III. CONCLUSION

For the reasons set forth above, the Immigration and Naturalization Services' motion to dismiss is denied and Mr. Maxwell's petition for a writ of habeas corpus is granted. The BIA's decision denying Mr. Maxwell's motion to reopen his deportation proceedings is vacated, and the Court remands this case to the BIA for a determination, consistent with this Court's holding, on whether to reopen Mr. Maxwell's deportation proceedings.

IT IS SO ORDERED.

---

4. Mr. Maxwell also states a claim for ineffective assistance of counsel which resulted in his untimely filing of his motion to reopen. However, as the BIA did not dismiss his motion to reopen for untimeliness, both Mr. Maxwell's and the INS's arguments on this point are not considered.