NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 05a0923n.06
Filed: November 21, 2005

No. 04-3784

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

ALEXANDER FELDMAN,                          )
                                            )
    Petitioner-Appellee,                  )
                                            )
v.                                          )    ON APPEAL FROM THE UNITED
                                            )    STATES DISTRICT COURT FOR THE
ALBERTO GONZALES,                           )    NORTHERN DISTRICT OF OHIO
                                            )
    Respondent-Appellant                  )

Before: CLAY and GIBBONS, Circuit Judges; and STEEH, District Judge.*

    **JULIA SMITH GIBBONS, Circuit Judge.** Alexander Feldman, a citizen of the former

Soviet Union, petitioned for a writ of habeas corpus, seeking release from the custody of the Bureau

of Immigration and Customs Enforcement (BICE). His petition was premised on an allegation that

the accredited representative who represented him in immigration proceedings provided him with

ineffective assistance. Specifically, Feldman alleged that the accredited representative performed

deficiently during Feldman's efforts to apply for discretionary relief from deportation. The district

court granted his petition.  For the following reasons, we reverse the district court and deny

Feldman's petition.

    *The Honorable George Caram Steeh, United States District Judge for the Eastern District

-1-

of Michigan, sitting by designation.

I.

Feldman is a native and citizen of the Republic of Moldova, formerly part of the Soviet Union. Feldman arrived in the United States in 1978 after the United States paroled him into the country for humanitarian reasons.[1] He became a lawful permanent resident in 1980.

Six years later, Feldman was convicted in New York of heroin possession. His conviction caused the Immigration and Naturalization Service (INS) to serve him with an Order to Show Cause that charged him as deportable because he violated a controlled substance law. Feldman failed to appear on the Order to Show Cause, and the Immigration Judge (IJ) deported him *in absentia* in 1990.

Feldman moved to reopen his deportation proceedings, and the INS granted his motion. The INS also changed the venue of Feldman's immigration proceedings to Cleveland, Ohio after Feldman moved there for employment purposes. The Cleveland INS referred him to Marta Paul, a non-lawyer who was an accredited representative of Cleveland's Nationalities Services Center. Paul agreed to represent Feldman in the immigration proceedings and appeared before the IJ with him on July 8, 1992. The IJ ordered Feldman to submit any applications for relief by August 7, 1992, and reset the case for hearing on November 18, 1992.

Paul and Feldman met to prepare his application for discretionary relief pursuant to 8 U.S.C.

---

[1] Feldman is Jewish, and at the time of his entry into the United States, he argued that he faced persecution in the Soviet Union.

§ 1182(c)[2] ("212(c) application") on August 4, 1992. Feldman signed a completed 212(c) application for waiver of deportation and provided Paul with the $90.00 application fee.

Although Paul maintains that she filed the application on August 7, 1992, the immigration court never received an application for relief from Feldman. On the ground that no application for relief had been submitted to the court by the August 7 deadline, the IJ ordered Feldman deported on August 18, 1992. Notice of deportation was sent to Feldman on November 27, 1992 by the INS. Feldman stated that he never received notice of his deportation from Paul, the INS, or the immigration court.

Feldman remained in the United States until he was arrested and detained by BICE on July 31, 2003. On August 13, 2003, Feldman filed a petition for a writ of habeas corpus in the United States District Court for the Northern District of Ohio. The ground for Feldman's habeas petition was ineffective assistance of an accredited representative; he alleged that he was denied effective assistance when Paul failed to file his 212(c). The district court granted Feldman's habeas petition and remanded the case to the IJ to permit Feldman to file a 212(c) application. The district court concluded that Paul's performance was deficient and that Feldman had established prejudice because

---

[2] Section 1182(c) permitted the Attorney General, at his or her discretion, to stop deportations of "[a]liens lawfully admitted for permanent residence who temporarily proceeded abroad voluntarily and not under an order of deportation, and who are returning to a lawful unrelinquished domicile of seven consecutive years." Whereas its language suggests that Section 1182(c) relief was available only to aliens returning from abroad, "it [was] well-settled that [the] . . . relief also applie[d] to deportation of a lawfully admitted alien with an unrelinquished domicile of seven consecutive years." *Gonzales v. INS*, 996 F.2d 804, 806 (6th Cir. 1993). Section 1182(c) was repealed by the the Illegal Immigration Reform and Immigrant Responsibility Act of 1996. Pub.L. No. 104-208, 100 Stat. 309.

"he demonstrated that he was eligible for 212(c) relief and that he could have made a strong showing in support of his application for that relief." The government appealed.

## II.

Feldman's habeas petition challenges the order of removal issued against him. Therefore, this court must treat Feldman's habeas petition as a petition for review because Congress passed the REAL ID Act of 2005 during the pendency of his appeal. Pub. L. 109-13, 119 Stat. 231. The REAL ID Act renders petitions for review "the sole and exclusive means for judicial review" for almost all orders of removal, thus eliminating habeas corpus petitions in this context. 8 U.S.C. § 1252(a)(5). The Act converts all pending habeas corpus actions in district courts into petitions for review and transfers the petitions for review to the appropriate court of appeals. 8 U.S.C. § 1252(a)(5); *see Bonhometre v. Gonzales*, 414 F.3d 442, 446 (3d Cir. 2005) (holding that Congress clearly intended the REAL ID Act to consolidate all challenges to removal orders in a single forum and convert habeas petitions to petitions for review). The conversion of the habeas petition into a petition for review has no impact on the standard of review. The standard of review for Feldman's ineffective assistance of an accredited representative claim remains *de novo* regardless of his petition's form. *See Bonhometre*, 414 F.3d at 446 ("Even though this habeas appeal has turned into a petition for review, our standard of review remains the same."); *Liao v. Rabbett*, 398 F.3d 389, 394 (6th Cir. 2005).

## III.

The Sixth Circuit has concluded that "Fifth Amendment guarantees of due process extend

to aliens in deportation proceedings." *Huicochea-Gomez v. INS*, 237 F.3d 696, 699 (6th Cir. 2001).

Therefore, an alien receiving ineffective assistance in deportation proceedings can suffer a

deprivation of due process. *Id.* However, "[i]neffective assistance . . . in a deportation proceeding

will rise to the level of a due-process violation under the Fifth Amendment only if the proceeding

was so fundamentally unfair that the alien was prevented from reasonably presenting his case."

*Denko v. INS*, 351 F.3d 717, 723 (6th Cir. 2003) (internal quotation omitted).

An alien alleging ineffective assistance must demonstrate prejudice, whether the alien was

represented in immigration proceedings by an attorney or an accredited representative. *See Ramirez-*

*Durazo v. INS*, 794 F.2d 491, 499-501 (9th Cir. 1986) (evaluating a claim of ineffective assistance

of an accredited representative under the same rubric as a claim of ineffective assistance of counsel);

*see also Kalaj v. Gonzales*, No. 03-4216, 137 F. App'x 851, 856 (6th Cir. 2004) ("[The prejudice]

requirement applies a fortiori in a case where ineffectiveness is asserted on the part of a non-lawyer

representative."). Prejudice in this context requires a showing that the alien was entitled to the

underlying relief requested. In other words, the alien "must establish that but for [the accredited

representative's error], [the alien] would have been entitled to continue residing in the United

States." *Huicochea-Gomez*, 237 F.3d at 699-700.

In evaluating Feldman's claim under the prejudice prong, the district court relied on two

Second Circuit cases—*Rabiu v. INS*, 41 F.3d 879 (2d Cir. 1994), and *United States v. Perez*, 330

F.3d 97 (2d Cir. 2003). Under those cases, the alien must "make a prima facie showing that he

would have been eligible for the relief and that he could have made a strong showing in support of

his application." *Rabiu*, 41 F.3d at 882. The district court's reliance on those cases for determining

prejudice was misplaced. The Sixth Circuit has never applied the *Rabiu* test, and *Huicochea-Gomez* precludes a finding of prejudice in this context.

Under *Huicochea-Gomez*, Feldman cannot demonstrate that he would have been entitled to remain in the United States had Paul filed his section 212(c) application. The granting of section 212(c) relief rested entirely within the discretion of the Attorney General. 8 U.S.C. § 1182(c) (1994); *Asad v. Reno*, 242 F.3d 702, 704 (6th Cir. 2001). "The failure to be granted discretionary relief does not amount to a deprivation of a liberty interest."[3] *Huicochea-Gomez*, 237 F.3d at 700. Thus, Feldman cannot show that he would have been entitled to remain in the United States, absent his attorney's failure to file a section 212(c) application for relief from deportation, because the granting of such relief rested entirely within the discretion of the Attorney General.

IV.

For the foregoing reasons, the district court's decision is REVERSED and Feldman's petition for review is DENIED.

---

[3] While the discretionary nature of the relief requested in a 212(c) application precludes a demonstration of prejudice in the Sixth Circuit, *see Huicochea-Gomez*, 237 F.3d at 700, other circuits have held that aliens who seek only discretionary relief can demonstrate prejudice from ineffective assistance. *See, e.g., Rojas-Garcia v. Ashcroft*, 339 F.3d 814, 826–28 (9th Cir. 2003); *Miranda-Lores v. INS*, 17 F.3d 84, 85 (5th Cir. 1994). The Fifth and Ninth Circuits have held that aliens can demonstrate prejudice from ineffective assistance by showing that they were eligible for relief even if the granting of relief ultimately was discretionary. *Id.* Likewise, the Second Circuit has held in one of the cases relied on by the district court that aliens can demonstrate prejudice by showing their eligibility for discretionary relief and strong evidence that the discretion likely would have been exercised in their cases. *Rabiu*, 41 F.3d at 882–83. The Eleventh Circuit, however, is in accord with the Sixth Circuit and held that deportable aliens seeking section 212(c) relief cannot show prejudice because "failure to receive relief that is purely discretionary in nature does not amount to deprivation of a liberty interest." *Mejia Rodriguez v. Reno*, 178 F.3d 1139, 1146–49 (11th Cir. 1999).